## STATE *v.* CLARENCE BOYLES.

*(November 6, 1935.)*

RODNEY, J., sitting.

*P. Warren Green,* Attorney-General, and *William J. Storey,* Deputy Attorney-General, for the State.

---

*Thomas Clayton Frame* for the defendant.

Court of General Sessions for Kent County, October Term, 1935.

RODNEY, J., delivering the opinion of the Court:

In *Town of Dover v. Tawressey,* 2 *Marv.* (16 *Del.*) 285, 43 *A.* 170, 172, it was held that criminal prosecutions for violations of State statutes must be conducted in the name of the State of Delaware and not in the name of a municipality. In that case, because the prosecution had been in the name of the municipality and not of the State of Delaware, the Court held:

"The hearing, judgment, fine, and imprisonment in such name were unauthorized and illegal, and the judgment must therefore be reversed."

Upon the authority of the cited case and upon *certiorari* proceedings instituted by the defendant, the Court held the former proceedings in the present case to be erroneous.

While some text writers and a few Reports, by their definitions, limit their discussion of jeopardy to a second prosecution after a verdict by a jury, yet the great weight of authority sanctions the view that a defendant may be put in jeopardy before a competent Court legally sitting without the intervention of a jury; and especially where the defendant has no legal right to demand a jury trial. *Kepner v. U. S.*, 195 *U. S.* 100, 24 *S. Ct.* 797, 49 *L. Ed.* 114, 1 *Ann. Cas.* 655; *Wemyss v. Hopkins, L. R.* 10 *Q. B.* 378. See, also, cases cited in 16 *C. J.* 245.

The offense of operating a motor vehicle while under the influence of intoxicating liquor is, in Delaware, a statutory offense within the jurisdiction of a justice of the peace without a jury (*Rev. Code* 1915, § 239).

A void or invalid judgment will not, ordinarily, sustain a plea of former jeopardy. It is unnecessary to consider the extent of this rule, for it is particularly effective and true when the defendant has set in motion the proceedings by which the former conviction is nullified. It is universally true that an accused is estopped to plead a prior conviction where that prior conviction has been reversed, for error, upon proceedings brought by the accused himself. 2 *Wharton's Criminal Procedure* (10*th Ed.*), § 1447; 1 *Cooley's Const. Lim.* (8*th Ed.*) 691; *Murphy v. Massachusetts*, 177 *U. S.* 155, 20 *S. Ct.* 639, 44 *L. Ed.* 711; *Morrisette v. State*, 77 *Ala.* 71. See 16 *C. J.* 262, and cases there cited.

Because the defendant successfully proved to the Court that in the former proceedings there was not and

could not have been any valid or binding judgment, so I must hold that no jeopardy attached to him in those abortive proceedings. *Hall v. State,* 3 *W. W. Harr.* (33 *Del.*) 233, 134 *A.* 692.

The motion of the State to strike out the plea of former jeopardy is granted.