Van Voorhis, J.
The judgment of conviction was properly reversed and a new trial granted by the Appellate Division on account of the admission in evidence of the statement by defendant taken at the police station after his law firm had contacted the police (24 A D 2d 7). The misleading answer given by the Chief of Detectives that there was nothing wrong and no need for a lawyer threw defense counsel off guard, and the consequence is the same as though the police had been instructed by an attorney for defendant that he was not to be interrogated in the absence of counsel (People v. Gunner, 15 N Y 2d 226; People v. Donovan, 13 N Y 2d 148; People v. Sanchez, 15 N Y 2d 387).
The defendant has appealed as well as the People, and some further comments are in order in respect of points raised by his counsel on appeal to serve as guidelines for the new trial.
*179 Since the statement of defendant taken at the police station will have to be excluded upon the new trial, so, also, will the gun which was dredged from the river at the place where defendant in the statement said that he threw it (People v. Rodriguez, N Y 2d 279; Silverthorne Lbr. Co. v. United States, 251 U. S. 385, 392) unless its retrieval from the river can be traced to some other clue or lead than that which was furnished by the statement. Upon the other hand, the conversation between defendant and his wife in the presence of Maxwell Slick, before he was slain, is admissible over the objection that it was a privileged communication (People v. Daghita, 299 N. Y. 194) inasmuch as privilege does not attach while a third person is present (People v. Melski, 10 N Y 2d 78; People v. McCormack, 278 App. Div. 191, affd. 303 N. Y. 782).
Inasmuch as defendant was tried on an indictment for murder in the second degree but was convicted of first degree manslaughter, we have concluded that he cannot again be tried on a more serious charge than manslaughter in the first degree based on the same incident. In 1881 the Legislature enacted sections 464 and 544 of the Code of Criminal Procedure, which provide that granting a “ new trial places the parties in the same position as if no trial had been had ” and that the new trial “ shall proceed in all respects as if no trial had been had.” On the basis of these statutes it has heretofore been held by us that, if a defendant obtained a new trial on appeal from a conviction of a lesser degree of a crime stated in the indictment, he could still be convicted of the greater degree (People v. Palmer, 109 N. Y. 413; People v. McGrath, 202 N. Y. 445; People v. Ercole, 4 N Y 2d 617; Matter of Fiorillo v. Farrell, 16 N Y 2d 678) although it has been the law of New York that if the conviction on the lesser charge was left standing, either because no appeal was taken or the appeal was not successful, the reprosecution for the greater charge would be impermissible. In that instance the jury’s silence on the greater charge was held to be “ equivalent to a verdict of not guilty ’ ’ of that charge (People v. McCarthy, 110 N. Y. 309, 314; Penal Law, § 32).
The Ercole and parallel decisions based on sections 464 and 544 of the Code of Criminal Procedure, directing that under the circumstances here presented the new trial shall proceed as if no previous trial had been had, became and remained the law *180 of New York for so long as they were not held by the United States Supreme Court to have been overridden by the Fourteenth Amendment to the Constitution of the United States. In Green v. United States (355 U. S. 184) the United States Supreme Court laid down a different rule for the Federal courts, holding that, under circumstances similar to those here presented, a second trial of an accused for first degree murder, after a previous jury had found him guilty of second degree murder only, placed him in jeopardy twice for the same offense in violation of the Fifth Amendment. For so long as prevention of double jeopardy was not held to be mandated on the States by the Fourteenth Amendment, our State rule could coexist with the Federal rule just as People v. Defore (242 N. Y. 13, cert. den. 270 U. S. 657) could coexist with Weeks v. United States (232 U. S. 383) until Wolf v. Colorado (338 U. S. 25) was overruled by Mapp v. Ohio (367 U. S. 643) and Ker v. California (374 U. S. 23). After that we became obliged to follow the Federal rule on the theory that the Fourth Amendment had been mandated on the States.
Since our last decision upon this subject, in Matter of Fiorillo v. Farrell, supra), the United States Court of Appeals in the Second Circuit has decided in United States ex rel. Hetenyi v. Wilkins (348 F. 2d 844) that the due process clause of the Fourteenth Amendment imposes the rule of Green v. United States (supra) upon the States, and that, in effect, to reprosecute this defendant for second degree murder would place him in double jeopardy for the reason that on the former trial he was prosecuted for that crime but was found guilty only of the included crime of manslaughter in the first degree. The Supreme Court of the United States denied certiorari on application by the Warden (Mancusi v. Hetenyi, 383 U. S. 913). The holding is not necessarily that the entire Fifth Amendment is mandated on the States, but does extend to a determination that the situation here presented falls within the guarantee against double jeopardy which was held to be a fundamental right within the doctrine of selective incorporation, whereby certain guarantees of the Bill of Bights are absorbed by the due process clause of the Fourteenth Amendment and are thus made applicable to the States.
*181 Denial of certiorari by the Supreme Court in the Hetenyi case does not of itself indicate approval of that decision, but we are satisfied that decisions such as Malloy v. Hogan (378 U. S. 1), Murphy v. Waterfront Comm. (378 U. S. 52) and Pointer v. Texas (380 U. S. 400), as well as the reasoning of the Second Circuit in Hetenyi, go far toward demonstrating that the ruling on double jeopardy in Hetenyi is the law of the land. Defendant may be retried on homicide charges not greater than manslaughter in the first degree.
The order appealed from reversing the judgment of conviction and granting a new trial should be affirmed.