John H. BARNETT, Appellant,

v.

Clarence T. GLADDEN, Warden, Oregon
State Penitentiary, Appellee.

No. 21164.

United States Court of Appeals
Ninth Circuit.

March 24, 1967.

Ralph W. G. Wyckoff, John H. Barnett,
Salem, Or., for appellant.

Robert Y. Thornton, Atty. Gen., David
Blunt, Asst. Atty. Gen., Salem, Or., for
appellee.

Before CHAMBERS, HAMLEY and
MERRILL, Circuit Judges.

HAMLEY, Circuit Judge:

John H. Barnett, in Oregon penal cus-
tody, appeals from the denial of his ap-
plication for a writ of habeas corpus.
The only question presented is whether,
under principles of double jeopardy, the
prosecution and conviction which led to
his present imprisonment deprived him
of due process of law under the Four-
teenth Amendment. The district court
opinion and order is reported in 255 F.
Supp. 450.

The facts are undisputed. On March 13, 1960, Barnett, who was drunk at the time, met two fourteen year old girls, Jean Corwin and Helen Moyle, on S.E. Dorian Street, Pendleton, Oregon. He solicited them to engage in sexual intercourse with him "down to the river," offering to pay them five dollars apiece.

He was arrested on that day and charged with being drunk in a public place, in violation of a Pendleton ordinance. On March 14, 1960, he pleaded guilty and was fined twenty-five dollars.

On March 14, upon the complaint of Helen Moyle, he was charged with the offense of "Immoral Practices," in violation of Pendleton ordinance No. 2199, section 17, paragraph 6.[1] The charging portion of this complaint states that in a particular block on S.E. Dorian Street, adjacent to the Alta Skating Rink, Barnett made improper advances or indecent remarks or impertinently sought to attract the attention of Jean Corwin, fourteen, and Helen Moyle, fourteen, upon the streets or public places, by suggesting that they have intercourse with him down by the river, for which he offered to pay them five dollars apiece.

On March 15, 1960, Barnett pleaded not guilty to that charge. On March 25, 1960 he was tried on the charge, convicted, and sentenced to thirty days in the city jail, which he served.

On March 31, 1960, the grand jury of Umatilla County, Oregon, returned an indictment charging Barnett with "attempted inducement of [Jean Corwin] with intent to commit sex act," in violation of ORS 167.045.[2] The charging portion of this indictment reads:

"The said John H. Barnett on the 13th day of March, A.D. 1960 in the County of Umatilla and State of Oregon, then and there being, and then and there being a male person over the age of 16 years, to-wit, 62 years of age, did then and there wilfully, wrongfully, unlawfully and feloniously attempt to induce and entice into a place of concealment, to-wit, an apartment in the City of Pendleton, in said County and State, a female child, to-wit, Jean Corwin, under the age of 16 years, to-wit, of the age of 14 years, with the intent and purpose to commit with and upon such child a sex act, to-wit sexual intercourse, said act of defendant being *contrary to the statute in such cases made and provided, and against the peace and dignity of the state of Oregon.*" (Emphasis in original.)

Barnett entered a plea of double jeopardy, based upon his earlier municipal court conviction. This plea was overruled. He then entered a plea of not guilty. Barnett withdrew his plea of not guilty on May 12, 1960, shortly before his case was set for trial. A plea of guilty was then received on which a judgment of conviction and sentence of life imprisonment was entered on June 27, 1960.

No appeal was taken from that judgment. However, Barnett sought relief under the Oregon Post Conviction Relief Act, ORS 138.510 et seq., in the Circuit Court of the State of Oregon for Marion County. In this proceeding Barnett raised the double jeopardy question. Judgment was entered on December 26, 1961, denying relief. Barnett appealed to the Oregon Supreme Court, which affirmed the judgment of the circuit court on March 25, 1964. Barnett v. Gladden, 237 Or. 76, 390 P.2d 614 (1964). In this decision, the Oregon Supreme Court, two judges dissenting, rejected the

---

1. This paragraph of the ordinance reads: "No male person shall make improper advances or indecent remarks or impertinently seek to attract the attention of any female person upon the streets or in public places."

2. ORS 167.045 provides: "(1) No person over the age of 16 years shall wilfully and wrongfully and forcibly take from any place, or wilfully and wrongfully and forcibly detain in any place, or wilfully and wrongfully induce or entice into any place of concealment or upon any type of conveyance, any child under the age of 16 years with the intent to commit with or upon such child any act punishable under ORS 163.210, 163.220, 163.270, 167.035 or 167.040."

double jeopardy argument without reaching the merits, holding that Barnett's plea of guilty waived that defense.

Barnett commenced this federal habeas corpus proceeding on April 6, 1965, presenting the double jeopardy issue. The case was submitted to the district court on a pretrial order containing a complete stipulation of facts. In disposing of the case the district court assumed, without deciding, that the issue of whether a state conviction is invalid under principles of double jeopardy presents a federal question cognizable in a federal habeas corpus proceeding. The district court further assumed that Barnett's plea of guilty to the state charge did not preclude him from obtaining federal habeas corpus relief to which he would otherwise be entitled.

The district court denied relief on two basic grounds: (1) there was not sufficient identity of offenses to support a plea of double jeopardy; and (2) the defense of double jeopardy is not available in the case of successive municipal-state prosecutions and convictions.

On this appeal, Barnett questions both grounds and also argues, as the district court assumed, that Barnett's plea of guilty and consequent loss of a state appellate remedy concerning the double jeopardy issue, did not preclude federal habeas corpus relief.

The warden has not, on this appeal, contended that Barnett's plea of guilty stands in the way of federal habeas relief. We therefore need not concern ourselves with that issue. However, since the availability of federal courts to test the validity of a state conviction as against a double jeopardy attack presents a jurisdictional question, we cannot rest on the district court's assumption that such a contention is cognizable in federal habeas corpus.

In Palko v. State of Connecticut, 302 U.S. 319, 58 S.Ct. 149, 82 L.Ed. 288 (1937) and again in Bartkus v. People of State of Illinois, 359 U.S. 121, 127, 79 S.Ct. 676, 3 L.Ed.2d 684 (1959), the Supreme Court held that the specific limitation imposed on the federal government by the Double Jeopardy Clause of the Fifth Amendment did not, by virtue of the Fourteenth Amendment, bind the states.[3]

■ Apart from the Double Jeopardy Clause of the Fifth Amendment, however, the Due Process Clause of the Fourteenth Amendment, standing alone, imposes some limitations on a state's power to prosecute an individual who has previously been prosecuted for the same offense. Thus, in *Bartkus*, at page 127, 79 S.Ct. 676, the Supreme Court interpreted *Palko* as holding that at some point the cruel harassment of multiple prosecutions by a state would offend due process.[4]

■ Whether a particular state reprosecution offends the Due Process Clause of the Fourteenth Amendment depends upon the facts of the particular case. Federal habeas corpus is available for the purpose of making such an inquiry and of affording relief if a viola-

3. The issue was again raised in Cichos v. State of Indiana, 385 U.S. 76, 87 S.Ct. 271, 17 L.Ed.2d 175, but was not reached because the Supreme Court determined that the question was not squarely presented, and dismissed the writ of certiorari as improvidently granted. Insofar as we have been able to determine, no federal court has, up to now, held that the Double Jeopardy Clause of the Fifth Amendment is applicable to the states through the Fourteenth Amendment. However, such a holding was recently announced by the Court of Appeals of New York in People v. Ressler, 17 N.Y.2d 174, 269 N.Y.S.2d 414, 216 N.E.2d 582 (1966). See 12 Villanova Law Review, 349–357 (1967).

4. See, also, United States ex rel. Hetenyi v. Wilkins, 2 Cir., 348 F.2d 844, 853, in which it was held that a state reprosecution transgressed federal constitutional limitations. *Hetenyi* contains a scholarly review of this general problem. For a general discussion of double jeopardy problems, see Mayers and Yarbrough, "Bis Vexari: New Trials and Successive Prosecutions," 74 Harvard Law Review 1–43 (1960); Kirchheimer "The Act, the Offenses and Double Jeopardy," 58 Yale Law Review, 513–544 (1949).

tion of the Due Process Clause is found. The district court, therefore, correctly assumed that it had jurisdiction to proceed to the merits of the habeas petition here in question.

As stated earlier in this opinion, one ground upon which the district court denied relief was that there was not sufficient identity of offenses to support a plea of double jeopardy.

■ In Henry v. United States, 9 Cir., 215 F.2d 639, 641, this court quoted a test formulated in Morey v. Commonwealth, 108 Mass. 433 (1871), and approved in Gavieres v. United States, 220 U.S. 338, 342–343, 31 S.Ct. 421, 422, 55 L.Ed. 489:

> " 'A single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other.' "

This test was reaffirmed in the following statement by the Supreme Court in Morgan v. Devine, 237 U.S. 632, 641, 35 S.Ct. 712, 59 L.Ed. 1153, which was quoted by our court in Conerly v. United States, 9 Cir., 350 F.2d 679, 681:

> " ' * * * the test of identity of offenses is whether the same evidence is required to sustain them; if not, then the fact that both charges relate to and grow out of one transaction does not make a single offense where two are defined by the statute.' " [5]

Applying this broad test, it is necessary to determine whether the same evidence is required to sustain a conviction of Barnett under both the municipal and state provisions here in question.

To obtain a conviction under the city ordinance (see note 1), under which Barnett's first conviction was obtained,

it was necessary to show that the accused was: (1) a male person, (2) making improper advances towards, or indecent remarks to, or impertinently seeking to attract the attention of, (3) any female person, (4) upon the streets or in public places.

The essential elements for conviction under the state statute (see note 2), under which Barnett's second conviction was obtained were: (1) a person over the age of sixteen years, (2) who wilfully and wrongfully detains, induces or entices, (3) into any place of concealment or upon any type of conveyance, (4) any child under the age of sixteen years, (5) with intent to commit with or upon such child a sex act punishable by state statute.

It is obvious from the above summarization of these two enactments, that to obtain a conviction under the state statute required several facts to be proved in addition to those required under the municipal ordinance; namely: (1) the defendant must be over sixteen years of age, (2) the child must be under sixteen years of age, (3) the defendant must detain the child in any place or entice or induce such child into any concealed place or upon any conveyance, (4) with intent to commit upon such child a sex act punishable by state statute.

Conversely, the evidence required to be proved under the second indictment would not have properly sustained a conviction under the municipal ordinance.[6] The city ordinance under which the first conviction of Barnett was obtained (see note 1), makes it an offense for a male person to make improper advances and the like to any female person "upon the streets or in public places." It follows that the ordinance is not offended unless the improper advance is made upon a street or in a public place. On the other hand, the state statute under which

---

5. To the same effect see Blockburger v. United States, 284 U.S. 299, 304, 52 S. Ct. 180, 76 L.Ed. 306. For a recent discussion by this court of double jeopardy principles, see Sanchez v. United States, 9 Cir., 341 F.2d 225.

6. For a case utilizing this part of the broad test set down by *Henry*, supra, see Arnold v. United States, 9 Cir., 336 F.2d 347, 349. See generally, 1 Wharton's Criminal Law and Procedure, §§ 144–145 (1957).

the second conviction was obtained, defining the crime of inducement of a child with intent to commit a sex act (see note 2), does not require that the taking, detention, inducement or enticement therein described, take place upon a street or in a public place.

We therefore conclude that Barnett's second conviction was not tainted with any defect analogous to double jeopardy which deprived him of due process of law.

In view of this determination we need not decide whether the defense of double jeopardy is available in the case of successive municipal-state prosecutions and convictions.

Affirmed.