STATE of Delaware

v.

David MUNSON, Jr.

Superior Court of Delaware.
New Castle.

May 27, 1968.

———◆———

Richard G. Elliott, Jr., Deputy Atty. Gen., Wilmington, for the State.

Charles K. Keil, Asst. Public Defender, Wilmington, for defendant.

STOREY, Judge.

OPINION

This is a criminal action in which defendant, David Munson, Jr., was originally charged with First Degree Burglary with intent to commit murder. The jury found him guilty of the lesser included offense of breaking and entering. Subsequently, defendant's motion for a new trial was granted by this Court. The State then charged the defendant with First Degree Burglary with intent to commit rape. Defendant has filed the subject motion to dismiss this second indictment.

The issue is whether the State is precluded by the double jeopardy provisions of either the Delaware or the United States Constitutions, from retrying a defendant for a greater offense, where in a previous trial for the greater offense the defendant was found guilty of a lesser included offense.

The authorities on this question are divided. One view holds that the defendant may be retried for the greater offense on the theory that he cannot voluntarily set aside a verdict and also hold to it. A verdict cannot at the same time be of force and not of force. 21 Am.Jur.2d, Criminal Law, Section 212; 61 A.L.R.2d 1189, and cases cited therein. The opposing view reasons that retrial can include only the offense of which the defendant was originally convicted, since conviction of the lesser offense amounts to acquittal of the greater one. Id. Under this view, the double jeopardy provision prohibits retrial for the greater offense. Green v. United States, 355 U.S. 184, 189–190, 78 S.Ct. 221, 2 L.Ed.2d 672 (1957).

State v. Naylor, 5 Boyce 99, 90 A. 880 (Ct. of Oyer & Terminer 1913), is consistently cited as placing Delaware with those jurisdictions prohibiting retrial on the greater offense. In this case the defendant, who was indicted on First Degree Murder and convicted of Second Degree Murder, was granted a new trial. When the State, on retrial, charged the defendant under the original First Degree Murder indictment, the defense objected, asserting former jeopardy. The Court stated at page 887:

"We think the defendant can be tried again under this indictment, but we recognize that under the law he cannot be convicted of murder of the first degree,

and we will so instruct the jury at the trial."

The State disagrees with the *Naylor* case and cites State v. Boyles, 7 W.W.Harr. 223, 181 A. 362 (Del.Ct.Gen.Sess., 1935) in support of a retrial of the defendant on the greater offense. However, since the issues in the two cases are not the same it is difficult to see how *Boyles* detracts from *Naylor*. In *Boyles*, the defendant was originally convicted of the same offense as the one for which he was being retried. In *Boyles*, the Court held that the accused was " * * * estopped to plead a prior conviction where that prior conviction has been reversed, for error, upon proceedings brought by the accused himself." p. 363. Application of that principle to the instant case would be unreasonable for two reasons: First, it is obvious that defendant, in his motion for new trial, sought to set aside only so much of the verdict as supported his conviction of the lesser included offense, and second, reopening the entire case would place too great a price on the right of an accused to seek a new trial. See State v. Barger, 242 Md. 616, 220 A.2d 304, 311 (Ct. of App.Md.1966).

In Green v. United States, 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 672 (1957), the Supreme Court, in a District of Columbia case, held that the double jeopardy provision of the Fifth Amendment precluded a second prosecution for the greater offense. Although this Court is not bound by *Green* [1], it is nevertheless persuaded that *Green* represents the better view.

This Court believes that the *Naylor* case is still good law, and, accordingly, defendant's motion to dismiss the indictment is granted.

It is so ordered.

---

[1]. The Supreme Court has not as yet applied its position in *Green* to the States under the Fourteenth Amendment. See State v. Barger, 242 Md. 616, 220 A.2d 304 (Ct. of App.Md.1966). This may not, however, hold true for much longer. At least one Circuit Court has already applied the *Green* holding as a matter of Fourteenth Amendment due process. United States ex rel. Hetenyi v. Wilkins, 348 F.2d 844 (1965) cert. den. Mancusi v. Hetenyi, 383 U.S. 913, 86 S.Ct. 896, 15 L.Ed.2d 667 (1966), as has the New York Court of Appeals in People v. Ressler, 17 N.Y.2d 174, 269 N.Y.S.2d 414, 216 N.E.2d 582 (1966).