OPINION OF THE COURT
John A.K. Bradley, J.
The issue presented to the court is whether two documents offered by the People may be admitted in evidence. The admissibility of one of these two documents in turn depends upon whether a third document was inappropriately obtained by the People. The defendant asserts that the People’s acquisition of each of these three documents was in violation of one or more evidentiary privileges and that the documents should *916 be barred. Steven J. Romer, a now suspended attorney, is accused of various counts of grand larceny, criminal possession of stolen property, and criminal possession of a forged instrument in the second degree. In particular, Romer is alleged to have stolen from various trusts for which he had agreed to act as trustee for the benefit of his clients’ (the grantors) offspring, and from other money he was holding in escrow. There is no serious issue that in January of this year Mr. Romer disappeared as did millions of dollars of trust funds under his control. Although Mr. Romer has reappeared, the money has not. During his absence, Romer sent a form letter to some of his clients whose funds had disappeared, in which he claimed to have an inoperable brain tumor, and advised them that their "money was no longer available” and that he "used the money to feed some hungry and poverty stricken people”. He now claims that he has been the victim of an international conspiracy.
The three documents at issue were all generated during his disappearance. One was a letter addressed to his wife, with an attachment that sets forth a list of his "obligations”. The People now are offering only the list but reserve their right to offer the entire letter to Mrs. Romer at a later time. Mr. Romer alleges that this letter is protected by the marital privilege.
The second document is a letter to Romer’s son, Kenneth Romer. Although the admissibility of this document is not at issue, this letter is extremely important because it discloses to the son the existence of the letter to Mrs. Romer and expresses the thought that defendant hopes that Mrs. Romer will share his letter to her with Kenneth. Perhaps aware of the devastating impact this letter would have on his effort to exclude the letter to Mrs. Romer, Romer argues the letter to Kenneth was protected by the recently evolved parent-child privilege. (People v Fitzgerald, 101 Misc 2d 712.) The court in Fitzgerald, concerned that children in our society may find themselves in a position where they need to share their thoughts and concerns with their parents without fear that the disclosure will later be compelled testimonially from their parents, has found a limited parent-child privilege. Although defendant has cited the Fitzgerald case (supra), and argued that this indicates that this is a confidential communication, the communication here goes in the opposite direction from the communication in the Fitzgerald case. Here it goes from father to son. This is not the letter of the offspring seeking *917 guidance from parents. Indeed, Romer seeks no guidance from the son at all. The situation is wholly different from that presented in Fitzgerald. In short, the letter to Kenneth Romer is not covered by the parent-child privilege as it exists in this State today.
In this letter defendant says: "I wrote a long letter to Mom which I am sure she will share with you”. This sentence shows that the letter written to Mrs. Romer was to be published, even if only to other members of the family and to Mr. Halperin, defendant’s friend and an attorney who acted as defendant’s counsel on prior matters, but nonetheless to be published beyond the scope of the marital privilege. Accordingly, it is not within the confidences protected by that privilege (see, e.g., People v Ressler, 17 NY2d 174). Moreover, in the case of Kenneth Romer, who is not an attorney, it is also outside of the ambit of the attorney-client privilege. Nor did Kenneth Romer acquire a privilege by virtue of giving the letter to an attorney.
In sum, the letter to Mrs. Romer is not privileged because it was intended to go outside of the marital relationship, and to be shown to others. The letter to Kenneth Romer is outside this State’s limited parent-child privilege. Since neither of these documents were privileged at the time they were handed to attorney Berardino, they did not become subject to the attorney-client privilege. Mr. Berardino and Mr. Halperin acted properly in turning over the documents to the District Attorney’s office.