The State *v.* Dorsey.

No. 14,239.

THE STATE *v.* DORSEY.

CRIMINAL LAW.—*Involuntary Manslaughter.—Railroad Engineer.—Negligently Running Engine into Passenger Car.*—Where a railroad engineer, while engaged in operating the engine in his charge, carelessly and negligently runs the same into a passenger car standing upon the railroad track, thereby causing the destruction of the car and the death of a passenger therein, he is guilty of the offence of involuntary manslaughter, as defined by section 1908,R. S. 1881.

From the Porter Circuit Court.

*L. T. Michener,* Attorney-General, *E. D. Crumpacker,* Prosecuting Attorney, and *J. H. Gillett,* for the State.

*J. B. Kenner* and *J. I. Dille,* for appellee.

BERKSHIRE, J.—The indictment is made up of two counts; the second count was quashed in the court below, and from that decision the State appeals.

The appellee was a railroad engineer, and was running and operating a locomotive engine over the Chicago and Atlantic Railroad and through Porter county, and while thus engaged he carelessly and negligently ran his locomotive engine into a passenger car standing upon said railroad, thereby causing the destruction of said car and the death of one William Perry, who was a passenger thereon.

The indictment contains all of the formal allegations necessary to a good indictment, and all necessary substantive allegations, if our statute defining involuntary manslaughter is broad enough to cover an involuntary destruction of life by the commission of a careless and negligent act, not of itself criminal. The statute reads as follows: " Whoever unlawfully kills any human being without malice, express or implied, either voluntarily, upon a sudden heat, or involuntarily, but in the commission of some unlawful act, is guilty of manslaughter." Section 1908, R. S. 1881.

At common law there is no question but that the indictment would be good. The authorities in that direction are abundant, some of which we will cite : 1 Bishop Crim. Law, section 314 (7th ed.) ; Wharton Crim. Law, section 130 *et seq.;* Wharton Crim. Law, section 329 *et seq.; State* v. *O'Brien,* 32 N. J. L. 169 ; *Commonwealth* v. *Kuhn,* 1 Pitts. 13 ; *Commonwealth* v. *Hunt,* 4 Met. 111 ; *Mercer* v. *Corbin,* 117 Ind. 450 ; *Commonwealth* v. *Hartwell,* 128 Mass. 415 ; Moore Crim. Law, section 863 ; Gillett Crim. Law, section 502.

The common law definition of manslaughter, as given by Blackstone, is as follows : " The unlawful killing of another without malice express or implied ; which may be either voluntarily, upon a sudden heat ; or involuntarily, but in the commission of some unlawful act." Blackst. Comm., Book 4, p. 191. The statutory definition of involuntary manslaughter is, word for word, the same as Blackstone's.

There is nothing to be found in the section defining this crime, or elsewhere in the statute, to indicate that the words *unlawful act* are to have a different interpretation than that given to them at common law. And the Legislature having borrowed the common law definition of involuntary manslaughter, it is fair to presume, there being nothing to indicate to the contrary, that it was the legislative intention that the statute should be construed in the light of the common law. In addition, we have the following statutory provision in regard to the construction of statutes : " Words and phrases shall be taken in their plain, or ordinary and usual sense. But technical words and phrases, having a peculiar and appropriate meaning in law, shall be understood according to their technical import." Section 240, R. S. 1881. The words *unlawful act,* as used in the section of the statute relating to involuntary manslaughter, are not technical words, therefore they are to have their plain or usual meaning. Webster defines the word *unlawful* as follows : " Not lawful ; contrary to law ; illegal ; not permitted by law ; " and the word

·*act* as follows : " That which is done or doing ; the exercise ·of power, or the effect, of which power exerted is the cause ; performance ; deed." The word *unlawful*, as defined by Bouvier, in his law dictionary, is : " That which is contrary to law." Another definition is : " *Unlawful* implies that an act is ·done or not done as the law allows or requires." Anderson Law Dict. " ' Lawful,' ' unlawful ' and ' illegal ' refer to that which in its substance is sanctioned or prohibited by the law." Anderson Law. Dict. " The reader should bear in mind, that ' unlawful ' signifies contrary to law, and many things are contrary to law while not subjecting the doer to a criminal prosecution." 2 Bishop Crim. Law, section 178. "A lawful act done in an unlawful or negligent manner, is in law an unlawful act." *Commonwealth* v. *Hunt, supra.* " Involuntary manslaughter is where a man doing an unlawful act, not amounting to felony, by accident kills another ; or where one does a lawful act in an unlawful manner." *Commonwealth* v. *Kuhn, supra ;* see Moore Crim. Law, section 863 ; see *Regina* v. *Skeets,* 4 F. & F. 931.

It is claimed that the Legislature has given a construction to the statute defining involuntary manslaughter by the enactment of sections 2172 to 2178, inclusive, R. S. 1881. We do not regard these sections as shedding light as to the construction to be given to the statute in question. These sections relate exclusively to the running and operating of locomotive engines and trains of cars over railroads, and were enacted with reference to certain acts and omissions which were theretofore not criminal. We do not mean to be understood as holding that every careless or negligent act, whereby death ensues, constitutes malice ; far from it. To constitute manslaughter the act causing death must be of such a character as to show a wanton or reckless disregard ·of the rights and safety of others, but not necessarily an act denounced by the statute as a specific crime.

The unlawful act charged in the indictment shows such ·wantonness and recklessness as to constitute manslaughter,

if not murder.   We are of the opinion that the second count in the indictment is good, and that the motion to quash should have been overruled.

The judgment is reversed, with the costs of this appeal, and the court below directed to overrule the motion to quash the second count of the indictment.

