**Samuel Ed ROBINSON**

v.

**C. Murray HENDERSON, Warden, Tennessee Penitentiary, Nashville, Tennessee.**

**Civ. A. No. 4954.**

United States District Court
E. D. Tennessee, S. D.

May 15, 1967.

James D. Robinson, Chattanooga, Tenn., for petitioner.

David W. Mackin, Asst. Atty. Gen., Nashville, Tenn., for respondent.

## OPINION

FRANK W. WILSON, District Judge.

This is a proceeding upon a petition for a writ of habeas corpus, testing the legality of petitioner's detention in the custody of respondent. The undisputed facts present only a narrow issue of law, to wit, whether petitioner's trial in the Criminal Court of Hamilton County, Tennessee, for offenses of assault with intent to commit first degree murder following his trial in the City Court of Chattanooga, Tennessee, for offenses of assault and battery, both trials arising out of the same occurrences, violated rights guaranteed to petitioner by the United States Constitution.

Petitioner was tried and convicted of three offenses of assault and battery in violation of an ordinance of the City of Chattanooga in the City Court of Chattanooga, and was fined $50.00 and assessed costs upon each offense. Thereafter, on September 26, 1962, a grand jury of Hamilton County returned three indictments, each charging petitioner with an offense of assault with intent to commit first degree murder. It is agreed by the parties herein that the occurrences giving rise to the three indictments were the same as those giving rise to the three city charges. Upon petitioner's plea of guilty to the indictments, he received two sentences of three to ten years and one sentence of three to five years, such sentences to run consecutively. Petitioner is presently in custody pursuant to one of these sentences. Upon July 12, 1966, petitioner filed a petition for a writ of habeas corpus in the Criminal Court for Davidson County, Tennessee, upon grounds of double jeopardy. The writ was denied. Petitioner appealed to the Tennessee Supreme Court, which affirmed the judgment below.

Petitioner's sole contention in the instant action is that he was twice placed in jeopardy for the same offenses and that the convictions and sentences resulting from the second trial are therefore invalid.

Petitioner is not entitled to the issuance of a writ of habeas corpus unless "[h]e is in custody in violation of the Constitution or laws or treaties of the United States". 28 U.S.C. § 2241. The only provisions of federal law which appear to be involved here are the Double Jeopardy Clause of the Fifth Amendment, and the Due Process Clause of the Fourteenth Amendment, United States Constitution.

The Fifth Amendment provides in part that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb". It has been the traditional view that this prohibition applies exclusively to prosecutions under federal authority and is not a limitation on the powers of the several states. Brantley v. State of Georgia, (1910) 217 U.S. 284, 30 S.Ct. 514, 54 L.Ed. 768; Bartkus v. People of State of Illinois, (1959) 359 U.S. 121, 79 S.Ct. 676, 3 L.Ed.2d 684, reh. den. 360 U.S. 907, 79 S.Ct. 1283, 3 L.Ed.2d 1258; Brock v. State of North Carolina, (1953) 344 U.S. 424, 73 S.Ct. 349, 97 L.Ed. 456. Some doubt has been cast upon this principle in most recent years. In the case of Cichos v. Indiana, (1966) 385 U.S. 76, 87 S.Ct. 271, 17 L.Ed.2d 175, the Supreme Court granted certiorari upon the single question whether the Fifth Amendment's prohibition against placing an accused in double jeopardy is applicable to state court prosecutions under the Due Process Clause of the Fourteenth Amendment. The Court disposed of the case without reaching the question posed, and dismissed the writ as improvidently granted. Justice Black, concurring, reiterated his view that the double jeopardy provision of the Fifth Amendment is made applicable to the states by virtue of the Fourteenth Amendment. This view has received considerable support, as, for example, in Adamson v. People of State of California, (1946) 332 U.S. 46, 67 S. Ct. 1672, 91 L.Ed. 1903, wherein Justice Black's view that all of the specific provisions of the Bill of Rights are made ap-

plicable to the states through the Fourteenth Amendment was shared by Justices Douglas, Murphy and Rutledge. However, while the principle of stare decisis may have lost some of its significance in the present scheme of things, and while eight years may render a precedent in the field of criminal law subject to question, the Court is constrained to follow the view most recently expressed in Bartkus v. People of State of Illinois, supra, that the specific command against double jeopardy embodied in the Fifth Amendment is not operative upon the states.

█ Of course, this does not eliminate federal constitutional considerations from this case, for the Due Process Clause of the Fourteenth Amendment will prohibit "double jeopardy" at the hands of a state where successive prosecutions are fundamentally unfair. Hoag v. State of New Jersey, (1958) 356 U.S. 464, 78 S.Ct. 829, 2 L.Ed.2d 913, reh. den. 357 U.S. 933, 78 S.Ct. 1366, 2 L.Ed. 2d 1375. It is natural to members of bench and bar to regard the concept of successive prosecutions for the same offense with distaste and repugnance, and it is well for our treasured principles of individual liberty that it should be so. There are those who feel that almost all successive prosecutions for the same offense deny due process. See the dissenting opinions in Cichos, Hoag, and Bartkus, supra, for example. However, the prevailing view appears to be that stated in Palko v. State of Connecticut, (1937) 302 U.S. 319, 58 S.Ct. 149, 82 L.Ed. 288, to the effect that, in the field of successive prosecutions, "fundamental unfairness" is established when it appears that an accused has been subjected to "a hardship so acute and shocking that our polity will not endure it". In the words of Justice Cardozo, writing for the Supreme Court in Palko, this Court must determine whether the successive prosecutions of the petitioner violated the " 'fundamental principles of liberty and justice which lie at the base of all our civil and political institutions.' "

The Supreme Court has in late years had occasion to examine a number of instances wherein a state has undertaken successive prosecutions, though none has involved the problem of state prosecution following municipal prosecution nor the reverse. In *Palko*, supra, the state successfully appealed defendant's conviction of second degree murder on grounds of errors of law, and upon the new trial, won a conviction of first degree murder and a death sentence. In Brock v. State of North Carolina, (1953) 344 U.S. 424, 73 S.Ct. 349, 97 L.Ed. 456, the prosecuting attorney obtained a mistrial after two prosecution witnesses refused to testify on grounds of self-incrimination. Upon the second trial, the defendant was convicted. In Hoag v. State of New Jersey, supra, defendant was indicted for robbery of three victims. The only witness to positively identify defendant as the perpetrator of the crime was another victim of the robbery not named in the indictment. After defendant's acquittal, he was indicted for robbery of the victim not named in the first indictment, and was convicted. In Ciucci v. State of Illinois, (1958) 356 U.S. 571, 78 S.Ct. 839, 2 L.Ed.2d 983, the defendant was charged, in four separate indictments, with the respective murders, on a single occasion, of his wife and three children. He was first tried for the murder of his wife, was convicted, and received a jail sentence. He was then tried for the murder of one child, was convicted, and received a jail sentence. He was then tried for the murder of a second child, was convicted, and finally received a death sentence. In each of the cases summarized briefly above, the Supreme Court held that such successive prosecutions did not violate the principles of fundamental fairness embodied in due process of law.

It should be pointed out that the Constitution of the United States does not bar a federal prosecution following a state prosecution, even though they may arise out of the same occurrence. Abbate v. United States, (1959) 359 U.S. 187, 79 S.Ct. 666, 3 L.Ed.2d 729. Likewise, neither the Constitution of the United States, Bartkus v. People of State of Illinois, supra, nor the Constitution of

the State of Tennessee, State v. Rhodes, (1922) 146 Tenn. 398, 242 S.W.2d 642, 22 A.L.R. 1544, would prohibit a state prosecution following a federal prosecution, even if arising out of the same events. These principles are helpful, though not controlling because of the distinction between the federal-state relationship and the state-city relationship.

In determining whether or not successive municipal-state prosecutions are fundamentally unfair, it is appropriate to take note of state decisions upon the point. At 22 C.J.S. Criminal Law § 296b, p. 781, it is said:

"Where the same act constitutes two crimes, one violating a city ordinance and the other a state statute, it is generally held in the absence of controlling statute that one charged therewith may be tried for both, and that a conviction or acquittal of either is no bar to a conviction of the other. The foregoing rule is modified or abrogated, however, by virtue of constitutional or statutory provisions in some jurisdictions."

Cited in support (see also the 1967 pocket supplement) of the validity of successive municipal-state prosecutions are cases from Florida, Georgia, Illinois, Indiana, Kansas, Maryland, Minnesota, Mississippi, Missouri, Nebraska, Nevada, New Jersey, North Carolina, North Dakota, Ohio, Oklahoma, Oregon, Washington, West Virginia, · Wisconsin, Wyoming, Alabama, Pennsylvania and Tennessee. It further appears from the footnotes that South Carolina, Kentucky, Texas, and Virginia decisions upheld the validity of such prosecutions, but that legislation in those states now prohibits the practice. The only state case which has come to the attention of the Court holding such successive prosecutions unconstitutional is a California case cited at 21 Am.Jur.2d, 245, "Criminal Law", 193.

The Tennessee Constitution contains a specific prohibition against "double jeopardy" (Article I, Section 10):

"*Double jeopardy prohibited.*—That no person shall, for the same offense, be twice put in jeopardy of life or limb."

The Tennessee courts have consistently held that successive prosecutions by a municipality and the State do not contravene this provision. Greenwood v. State, (1873) 65 Tenn. 567; State v. Mason, (1879) 71 Tenn. 649; State ex rel. Karr v. Taxing District, (1886) 84 Tenn. 240; O'Haver v. Montgomery (dictum), (1908) 120 Tenn. 448, 111 S.W. 449; Mullins v. State, (1964) 214 Tenn. 366, 380 S.W.2d 201. Most recently the Tennessee Supreme Court reiterated this view in petitioner's appeal from the state judge's denial of habeas corpus. State ex rel. Robinson v. Henderson, (Tennessee Supreme Court, 1967). Parenthetically, it has been said that actions for violations of municipal ordinances in Tennessee are not criminal, but civil in nature (for example, see Memphis v. Smythe, 104 Tenn. 702, 58 S.W. 215; Mullins v. State, supra), but the Court is of the opinion that such actions, while partaking of a civil as well as a criminal character, are for the purpose of punishment and are therefore basically criminal, O'Haver v. Montgomery, supra, and certainly are criminal prosecutions for double jeopardy purposes.

■ The Court is of the opinion that petitioner is not entitled to the relief which he seeks. The undisputed facts show no ground for petitioner's contention that he is being held in violation of the Constitution, laws or treaties of the United States. His prosecution in the Criminal Court of Hamilton County for offenses of assault with intent to commit first degree murder following his prosecution in the City Court of Chattanooga for assault and battery, did not constitute a denial of due process of law in violation of the Fourteenth Amendment. The Tennessee Constitution prohibits a judge acting without a jury from imposing a fine in excess of fifty dollars (Article 6, Section 14; Scopes v. State, (1927) 154 Tenn. 105, 289 S.W. 363, 53 A.L.R. 821) and Section 6–2120, Tennessee Code Annotated, provides that a city judge may not impose a sentence of imprisonment in ex-

cess of thirty days for any one offense. To subject those whose actions violate both city ordinance and state law to the possibility of a city court conviction and resulting punishment, which cannot exceed a fifty-dollar fine and thirty day workhouse sentence, in addition to a state court conviction and sentence may or may not be wise. That is a legislative decision. However, the Court is of the opinion that it does not impose a "hardship so acute and shocking that our polity will not endure it" nor constitute "fundamental unfairness". The great weight of judicial authority supports the view that such successive prosecutions by municipal and state authority for offenses arising out of the same transaction are not constitutionally impermissible. While these decisions are not controlling precedent, they nevertheless serve as an indication that the practice complained of does not "violate those 'fundamental principles of liberty and justice which lie at the base of all our civil and political institutions'" · (Palko v. State of Connecticut, supra).

The record in this case fails to show that petitioner is being held in violation of the Constitution, laws or treaties of the United States, and no ground for the relief sought having been made to appear, the Court is of the opinion that the petition should be dismissed.

An order will enter accordingly.