Deluis J. GUILLORY, Appellant,

v.

J. Wayne ALLGOOD, Warden, Louisiana State Penitentiary, Appellee.

No. 23778.

United States Court of Appeals Fifth Circuit.

June 15, 1967.

---

4. 3 Frumer & Friedman, Products Liability §§ 38.02, 38.03 (1966); see also 76 A.L.R.2d 150, and cases cited therein.

Deluis J. Guillory, pro se.

Jack P. F. Gremillion, Atty. Gen. State of Louisiana, Jodie W. Stout, Asst. Atty. Gen., for appellee.

Before RIVES and WISDOM, Circuit Judges, and CONNALLY, District Judge.

PER CURIAM:

The appellant, a prisoner of the State of Louisiana, applied to the federal district court for a writ of habeas corpus. The court denied the application without a hearing, stating, " * * * it affirmatively appearing on the face of the record herein that no federal question is involved for this court's consideration, and that no necessity is shown for holding an evidentiary hearing herein."

Briefly summarized, the application contained the following material averments. Applicant was involved in an automobile accident on November 16, 1964. On December 10, 1964, the Grand Jury of the Parish of St. Mary returned an indictment charging him with negligent homicide.[1] After arraignment and the appointment of counsel, applicant was tried, found guilty and sentenced to five years' hard labor. Appointed counsel refused to appeal the case and applicant began the service of his sentence.

Several days thereafter, on March 30, 1965, an information was filed against the applicant under Louisiana Revised Statute 15:529.1, accusing him of a previous conviction. On April 2, 1965, applicant was taken back into the state court, the five-year sentence imposed on March 26 was revoked and set aside, the applicant was denied a trial by jury on the additional charge, a new and increased sentence of seven and one-half years was imposed upon him, and he was remanded to serve this second sentence.

The district court could deny the writ of habeas corpus without a hearing only if it affirmatively appeared from the application that the applicant was not entitled to the writ. 28 U.S.C.A. § 2243. To justify the issuance of the writ, the applicant seeks to show that he is in custody in violation of the Constitution of the United States. See 28 U.S.C.A. § 2241(c). He made an informa pauperis affidavit and moved the district court to appoint counsel to represent him on his application for habeas corpus. The district court entered no order on that motion.

The applicant's petition for habeas corpus in the state trial court was denied on November 18, 1965. His application to the Louisiana Supreme Court for appointment of counsel and for habeas relief was denied on November 30, 1966. It appears that the applicant has in good faith sought to exhaust his state court remedies as required by 28 U.S.C.A. § 2254.

One of the applicant's grounds for claiming that he is in custody in violation of the Constitution of the United States is that he was denied a right of appeal on his conviction for "negligent homicide" in the first case, Docket No. 20,593. He alleges "that he has repeatedly attempted to obtain a transcript of the original trial in Docket No. 20,593 and has been denied any and all court documents in order to per-

---

1. The case is referred to as Docket No. 20,593 of the Criminal Docket.

fect an appeal * * *." He further states his contention "that without a complete transcript and other court documents, he was denied his right to appeal since Louisiana law requires a transcript to perfect an appeal and as an indigent person without the benefit of counsel he could not appeal his case to Higher Court authority for review." The point of law relied upon by the applicant was decided in his favor by this Court in United States ex rel. Weston v. Sigler, 5 Cir. 1962, 308 F.2d 946.[2]

Since the judgment must be reversed on this ground, we forego discussion of applicant's other grounds for relief, other than to suggest the development of a record which may aid in the refinement of those grounds by evidence and thereby better enable the court to pass upon the constitutional questions presented.[3]

The issues which may possibly be presented are of such difficulty that a meaningful hearing will require that the district court upon remand grant the applicant's motion for appointment of counsel to represent him upon this habeas corpus application.[4]

Reversed and remanded.

2. See particularly Long v. District Court of Iowa, 1966, 385 U.S. 192, 87 S.Ct. 362, 17 L.Ed.2d 290.

3. United States v. Petrillo, 1947, 332 U.S. 1, 5, 6, 67 S.Ct. 1538, 91 L.Ed. 1877, and cases there cited; United States v. International Union Auto Workers, 1957, 352 U.S. 567, 591, 77 S.Ct. 529, 1 L.Ed. 2d 763; Connor v. New York Times Co., 1962, 5 Cir., 310 F.2d 133, 135; Gibbs v. Blackwell, 5 Cir. 1965, 354 F.2d 469, 471.

4. On the question of whether the sixth amendment right to a jury trial in a criminal prosecution is obligatory upon the states and, if so, the further question of whether such a right arises in connection with the information charging the applicant as a second offender, consideration should be given to the following among other cases: Gideon v. Wainwright, 1963, 372 U.S. 335, 342, 83 S.Ct. 792, 9 L.Ed.2d 799, 93 A.L.R.2d 733; Malloy v. Hogan, 1964, 378 U.S. 1, 5, 6, 84 S.Ct. 1489, 12 L.Ed.2d 653; Pointer v. State of Texas, 1965, 380 U.S. 400, 403, 85 S.Ct. 1065, 13 L.Ed.2d 923; Cichos v. State of Indiana, 1966, 385 U.S. 76, 77, 87 S.Ct. 271, 17 L.Ed.2d 175; United States ex rel. Heteny v. Wilkins, 2 Cir. 1965, 348 F.2d 844; Barnett v. Gladden, D.C.Or., 1965, 246 F.Supp. 250.

On applicant's double jeopardy ground, comparison should further be made between the case of State v. George, 1950, 218 La. 18, 48 So.2d 265, 269, 270, and the following authorities: Ex parte Lange, 1873, 85 U.S. [18 Wall.] 163, 21 L.Ed. 872; United States v. Benz, 1931, 282 U.S. 304, 306, 51 S.Ct. 113, 75 L.Ed. 354, et seq.; Spencer v. State of Texas, and other cases, 1967, 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606; United States v. Sacco, 2 Cir. 1966, 367 F.2d 368; 21 Am.Jur.2d Criminal Law, § 570, p. 538; Anno. 168 A.L.R. 712.