**STATE OF LOUISIANA ex rel.**
**Melvin LADD,**

v.

**J. D. MIDDLEBROOKS, Warden et al.,**
**Louisiana State Penitentiary.**

**Misc. No. 941.**

United States District Court
E. D. Louisiana,
Baton Rouge Division.

June 30, 1967.

Melvin Ladd, in pro. per.

Jack P. F. Gremillion, Atty. Gen., State of Louisiana, Teddy W. Airhart, Jr., Asst. Atty. Gen., Baton Rouge, La., for respondent.

WEST, District Judge:

Petitioner, Melvin Ladd, is presently incarcerated in Louisiana State Penitentiary serving a two year sentence for theft. He applies to this Court for a writ of habeas corpus on the grounds that he was twice put in jeopardy for the same offense in violation of the Fifth Amendment to the Constitution of the United States. He has exhausted his available State Court remedies to no avail, and hence this Court has jurisdiction to hear his case.

An evidentiary hearing was held, and it is the opinion of this Court that the law does not favor the position taken by petitioner.

On January 25, 1966, petitioner was charged with violation of New Orleans City Ordinance No. 828 MCS, Section 42–70, i. e., theft of merchandise valued at $45 from a New Orleans department store, Maison Blanche, Inc. He appeared in Municipal Court in the City of New Orleans and pleaded not guilty to this charge, but was found guilty and sentenced to serve ninety (90) days in the House of Detention. On February 9, 1966, he was charged in a bill of information filed by the Assistant District Attorney for the Parish of Orleans, Louisiana, with violation of Louisiana Revised Statutes 14:67, i. e., "theft of a jacket of the value of Forty-Five ($45.00) Dollars * * *." To this offense the petitioner pleaded guilty in the Criminal District Court for the Parish of Orleans, Louisiana, and received a two year sentence to be served at Louisiana State Penitentiary. It is this sentence which he is now serving.

There is no dispute about the fact that the merchandise, for the theft of which petitioner served ninety (90) days in the House of Detention, is the same merchandise, for the theft of which he is presently serving two years in the Louisiana State Penitentiary. The only question presented to this Court is whether or not it is double jeopardy as prohibited

by the Fifth Amendment to the United States Constitution for one to be charged and convicted for violation of a City Ordinance and then to be charged and convicted again under a State Statute prohibiting the same act which was the basis of the City Ordinance violation. This question must be answered in the negative.

 As the law presently stands, the limitation imposed upon the Federal Government by the double jeopardy clause of the Fifth Amendment to the United States Constitution is not binding upon the states. Bartkus v. People of the State of Illinois, 359 U.S. 121, 79 S.Ct. 676, 3 L.Ed.2d 684 (1959); Palko v. State of Connecticut, 302 U.S. 319, 58 S.Ct. 149, 82 L.Ed. 288 (1937). But even if this well settled principle of law is reversed when and if the Supreme Court of the United States is again directly presented with the question for review, as seems a distinct possibility in view of the recent case of Chicos v. State of Indiana, 385 U.S. 76, 87 S.Ct. 271, 17 L.Ed.2d 175 (1966), it is nevertheless the opinion of this Court that petitioner herein was not put in double jeopardy even if the Fifth Amendment prohibition is held to be applicable to State Court proceedings. It is not double jeopardy, for instance, for one to be tried successively in State and Federal prosecutions based upon the same act. Bartkus v. People of the State of Illinois, supra; Abbate v. United States, 359 U.S. 187, 79 S.Ct. 666, 3 L.Ed.2d 729 (1959); United States v. Lanza, et al., 260 U.S. 377, 43 S.Ct. 141, 67 L.Ed. 314 (1922).

As the Court said in *Lanza:*

"It follows that an act denounced as a crime by both national and state sovereignties is an offense against the peace and dignity of both and may be punished by each."

 This same principal applies to acts denounced as crimes against both a municipality and a state. State v. Fourcade, 45 La.Ann. 717, 13 So. 187 (1893); State v. Clifford, 45 La.Ann. 980, 13 So. 281 (1893); La.Rev.Stat.—Code of Cr. Proc. Art. 597; Barnett v. Gladden, 255 F.Supp. 450 (D.Or.1966), aff. on other grounds 9 Cir., 375 F.2d 235.

For these reasons, petitioner's application for the issuance of a writ of habeas corpus will be denied.