436 P.2d 904

**STATE of Arizona, Plaintiff,**

**v.**

**Alfreda WHITE aka Joyce Ann Gibson, Billy Morris Allen aka Billy Macon and Malva Orr aka Malva Jo Canada, Defendants.**

**No. 1778.**

Supreme Court of Arizona.

In Banc.

Feb. 7, 1968.

Robert K. Corbin, Maricopa County Atty., by Cliff C. Wamacks, Deputy County Atty., Phoenix, for plaintiff.

Stephen W. Connors and Fred R. Esser, Phoenix, for defendant Alfreda White.

Gerald Machmer and Stanley A. Lehman, Phoenix, for defendant Billy Morris Allen.

Vernon B. Croaff, Public Defender, by Len J. Mark, Deputy Public Defender, Phoenix, for defendant Malva Orr.

LOCKWOOD, Justice:

The following question has been certified to this Court under Rule 346, Rules of Criminal Procedure, 17 A.R.S. (1956):

"Where an accused has been tried before a jury on a violation of A.R.S., Section 36–1002.01 (possession of narcotic drugs for sale) and has been found guilty by a jury of possession of narcotics (A.R.S., Section 36–1002), and the court thereafter has granted the accused's motion for new trial, does a retrial on the

original charge of possession of narcotics for sale (A.R.S., Section 36–1002.01) place an accused twice in jeopardy?"

The question presented is the same question of law this Court considered in the case of State v. Thomas, 88 Ariz. 269, 356 P.2d 20 (1960), construing Article 2, Section 10 of the Arizona Constitution, A.R.S.[1] and Rule 314, Rules of Criminal Procedure, 17 Ariz.Rev.Stat., (1956).[2] In upholding the constitutionality of Rule 314, this Court held in Thomas that where a defendant had been charged with murder in the first degree and convicted of manslaughter, and subsequently the conviction was reversed on appeal and a new trial ordered, the second trial under the same information charging the defendant with murder in the first degree did not place the defendant twice in jeopardy for the same offense in violation of either the Federal or State Constitutions.

The only distinctions between the question presented for certification before the Court and the Thomas case are the nature of the crimes involved and the precise place in the proceedings in which the new trials were granted. In the narcotics case involved in the present certification, a motion for a new trial was granted by the trial judge. In Thomas, the certified question concerned the granting of a new trial by the reviewing court. As these are distinctions without differences as far as the certified question is concerned, the holding of the Thomas case controls the answer to the question.

At the present time, the question certified to this Court is not one of federal constitutional dimensions. In the past, the United States Supreme Court has refused to apply the double jeopardy clause of the Fifth Amendment to the states.[3] The Supreme Court has not repudiated this view, even though it has been given the opportunity in cases such as Green v. United States, 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957), 61 A.L.R.2d 1119 (1958), and even more recently, Cichos v. State of Indiana, 385 U.S. 76, 87 S.Ct. 271, 17 L.Ed.2d 175 (1966). We decline to depart from the rule established in Thomas. The certified question is answered in the negative.

McFARLAND, C. J., UDALL, V. C. J., and STRUCKMEYER, J., concur.

BERNSTEIN, Justice (dissenting).

I dissent from the decision of the majority for the same reasons expressed in my dissenting opinion in State v. Thomas, 88 Ariz. 269, 273, 356 P.2d 20, 22. I must add, however, that in my opinion not only does the Double Jeopardy Clause of our State Constitution, Art. 2, Sec. 10, prohibit the retrial of this defendant for the crime of possession of narcotics for sale, but also the Due Process Clause of the Fourteenth Amendment of the United States Constitution proscribes such injustice.

The exact question is whether the Double Jeopardy Clause of the Fifth Amendment is incorporated into the Due Process Clause of the Fourteenth Amendment as applied to the states. The Due Process Clause of the Fourteenth Amendment certainly includes the notion of "fundamental fairness". In my opinion it is patently unfair to place an accused, who has been tried for a greater offense and convicted of a lesser offense, in a position where he must decide whether to suffer the conviction imposed or appeal

1. "No person shall be compelled in any criminal case to give evidence against himself, or be twice put in jeopardy for the same offense."

2. "When a new trial is granted, the new trial shall proceed in all respects as if no former trial had been had. On the new trial the defendant may be convicted of any offense charged in the indictment or information regardless of the verdict

or finding on the former trial. The former verdict or finding shall not be used or referred to in evidence or argument on the new trial."

3. See Palko v. State of Connecticut, 302 U.S. 319, 58 S.Ct. 149, 82 L.Ed. 288 (1937), where it was held that double jeopardy was not such a basic right as to be held applicable to the states through the Fourteenth Amendment.

and thereby expose himself to prosecution for the greater offense if his appeal is successful. The fundamental unfairness in such a choice is the obvious "chilling effect" on the constitutionally guaranteed right of appeal. Instead, the crucial question should always be whether the accused has been exposed to jeopardy.

The majority of this court relies on Cichos v. State of Indiana, 385 U.S. 76, 87 S.Ct. 271, 17 L.Ed.2d 175, to reach the conclusion that the United States Supreme Court still follows its decision in Palko v. State of Connecticut, 302 U.S. 319, 58 S.Ct. 149, 82 L.Ed. 288. I do not agree. In Cichos v. State of Indiana, supra, the court dismissed the writ as improvidently granted, and therefore never reached the question whether the Double Jeopardy Clause of the Fifth Amendment is incorporated into the Due Process Clause of the Fourteenth Amendment as applied to the States. The Supreme Court stated:

"* * * petitioner, in his petition for certiorari which we granted, presented a single question: Is the Fifth Amendment's prohibition against placing an accused in double jeopardy applicable to state court prosecutions under the Due Process Clause of the Fourteenth Amendment?

Because of the following considerations, which have more clearly emerged after full briefing and oral argument, *we do not reach the issue posed by the petitioner* and dismiss the writ as improvidently granted." (Emphasis added.) 385 U.S. at 77, 87 S.Ct. at 272, 17 L.Ed.2d at 177.

It appears that if the question were squarely before the Supreme Court they would answer it in the affirmative. See Cichos v. State of Indiana, 385 U.S. 77, 80, 87 S.Ct. 271, 273, 17 L.Ed.2d 175 (Fortas, J., dissenting); Bartkus v. People of State of Illinois, 359 U.S. 121, 150, 79 S.Ct. 676, 695, 3 L.Ed.2d 684, 705 (Black, J., dissenting). Indeed Mr. Justice Fortas expressed what he believed to be the basic defect in any procedure similar to ours when he said:

"* * * the Fourteenth Amendment's requirement of due process, in my view, certainly and clearly includes a prohibition of this kind of heads-you-lose, tails-you-lose trial and appellate process." 385 U.S. at 81, 87 S.Ct. at 274, 17 L.Ed.2d at 180.

I would answer the certified question in the affirmative.