Joseph Nicholas CRISAFI, Appellant,

v.

Arthur L. OLIVER, Warden, Folsom State Prison, Appellee.

No. 22335.

United States Court of Appeals Ninth Circuit.

April 29, 1968.

Rehearing Denied May 29, 1968.

Certiorari Denied Oct. 14, 1968.

See 89 S.Ct. 208.

Joseph Nicholas Crisafi, in pro. per.

Thomas C. Lynch, Atty. Gen., Jack Weber, Deputy Atty. Gen., Los Angeles, Cal., for appellee.

Before HAMLEY and CARTER, Circuit Judges, and SMITH,* District Judge.

HAMLEY, Circuit Judge:

Joseph Nicholas Crisafi, in California penal custody under a judgment and sentence for rape and kidnapping, appeals from a district court order denying, without hearing, his application for a writ of habeas corpus.

Crisafi's first point on appeal is predicated on the fact, as alleged in his application, that during his state trial for kidnapping and rape, the prosecuting witness in an earlier trial of Crisafi on an entirely different rape charge, of which Crisafi was acquitted, was permitted to testify over the objection of Crisafi's counsel. This witness testified concerning the details of the prior offense. Crisafi argues that he was thus placed in double jeopardy contrary to the Fifth and Fourteenth Amendments.

As the law announced by the Supreme Court now stands, the specific limitation imposed on the federal government by the Double Jeopardy Clause of the Fifth Amendment does not bind the states by virtue of the Fourteenth Amendment. Bartkus v. People of State of Illinois, 359 U.S. 121, 127, 79 S.Ct. 676, 3 L.Ed.2d 684.[1] But, apart from the Double Jeopardy Clause of the Fifth Amendment, the Due Process Clause of the Fourteenth Amendment, standing alone, imposes some limitations on a state's power to reprosecute an individual who has previouly been prosecuted for the same offense. See Bartkus, 359 U.S. at 127, 79 S.Ct. 676; Barnett v. Gladden, 9 Cir., 375 F.2d 235, 237; United States ex rel. Hetenyi v. Wilkins, 2 Cir., 348 F.2d 844, 849–867.

■ We accordingly assume that if, in reality, the purpose of the state in producing as a witness against Crisafi the complaining witness in the previous and independent rape trial in which Crisafi was acquitted was to reprosecute him on the former charge, there has been a deprivation of due process.

■ However, the state did not reprosecute Crisafi on the old charge. As revealed by the opinion of the California District Court of Appeal in People v. Crisafi, 187 Cal.App.2d 700, 10 Cal.Rptr. 155, the information under which the second trial was had relates to events which occurred on July 26, 1959, whereas the earlier trial related to events, involving a different victim, which occurred in September 1957. Nor did the state undertake to convict Crisafi on the new charge largely on evidence pertaining to the prior cause. As indicated in the *Crisafi* opinion referred to above, the testimony in question was offered only to show a peculiar or characteristic behavior pattern of Crisafi which was manifested in the conduct of the transgressor in both crimes. 187 Cal.App.2d at 707, 10 Cal.Rptr. at 159. The tendency of such evidence was to show that Crisafi was guilty of the new charges.

We therefore hold that reception of the evidence in question did not deprive Crisafi of any constitutional right. The admission of this testimony did present evidence questions, but they are questions which are unincumbered by constitutional overtones.[2] Where there is

---

* The Honorable Russell E. Smith, United States District Judge for the District of Montana, sitting by designation.

1. The Supreme Court recently granted certiorari in a state case for the purpose of reëxamining the question, but later dismissed the writ as improvidently granted. Cichos v. State of Indiana, 385 U.S. 76, 87 S.Ct. 271, 17 L.Ed.2d 175.

2. One such question is whether the testimony of the prosecuting witness in the earlier case falls under an exception to the general rule that testimony pertaining to other offenses is inadmissible. The California District Court of Appeal held that it did. People v. Crisafi, 187 Cal. App.2d 700, 706–707, 10 Cal.Rptr. 155, 158–159. Another such question is whether, even if such evidence otherwise falls

no question concerning a federally significant external event, such as the voluntariness of a confession or the knowing use of perjured testimony, state trial court rulings on the admissibility of evidence may not be questioned in a federal habeas proceeding. *Chavez v. Dickson,* 9 Cir., 280 F.2d 727, 736.

The second ground for relief urged by Crisafi on this appeal is that the admission of testimony of law enforcement officers concerning statements made to them by Crisafi without his having first been warned of his rights to remain silent and to have the assistance of counsel deprived him of due process. Crisafi does not assert that the failure to give these warnings, along with other circumstances, rendered his statement to the officers involuntary.

■ The warning rights to which Crisafi refers were first announced by the Supreme Court in *Escobedo v. State of Illinois,* 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 and *Miranda v. State of Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, decided after the state trial here in question. *Escobedo* and *Miranda* are not to be applied retroactively to trials commenced before those decisions were announced. See *Johnson v. State of New Jersey,* 384 U.S. 719, 733–735, 86 S.Ct. 1772, 16 L.Ed.2d 882. It follows that the failure of the state officers to give such warnings, if this is the fact, does not entitle Crisafi to habeas relief.

■ The third and final argument advanced by Crisafi on this appeal pertains to his efforts to obtain the testimony of two individuals who resided in the state of New York at the time of the trial involved in this habeas proceeding. According to Crisafi, these prospective witnesses had been house guests of Crisafi at the time of the alleged offense and they would have provided him with an alibi. Crisafi asserts that the individuals were willing to come to California to testify but neither Crisafi nor the prospective witnesses were able to pay the expense of such a trip. Prior to trial Crisafi's counsel moved in writing that compulsory process issue to obtain these prospective witnesses for the California trial. The motion was denied.

In this habeas proceeding the district court rejected this ground for relief for the reason that the California trial court was without power to issue process compelling the attendance of witnesses who were in New York.

On this appeal, and with commendable candor, counsel for the warden calls attention to the fact that both California and New York have adopted the Uniform Act to Secure the Attendance of Witnesses from without a State in Criminal Proceedings. See Cal.Stats.1937, ch. 262, p. 562, § 1, Cal.Penal Code, §§ 1334–1334.6 (West 1956); N.Y.Laws 1936, ch. 387, N.Y. Code of Crim.Proc. § 618–a (McKinney 1968). See, also, *Barber v. Page,* 390 U.S. 719, 88 S.Ct. 1318, 20 L. Ed.2d 255 decided April 23, 1968. Counsel for the warden, however, argues that California was not obligated, under the Fourteenth Amendment, to invoke that procedure and to pay the expenses of bringing the two New York witnesses to California for the purpose of testifying as alibi witnesses for Crisafi.

It does not appear that this facet of the witness problem was called to the attention of the district court. Without intending at this time to express or imply any view concerning California's obligation in this respect, we believe that it presents a question which should first have the attention of the district court.

Accordingly the cause is remanded so that the district court may further consider the problem concerning Crisafi's inability to obtain the testimony of the New York witnesses. In all other respects the judgment is affirmed.

---

under an exception to that rule, it is nevertheless inadmissible because Crisafi was acquitted on the prior charge. The California District Court of Appeal also resolved that question against Crisafi. 187 Cal.App.2d at 707, 10 Cal.Rptr. at 159. Cf., *United States v. Welborn,* 4 Cir., 322 F.2d 910, 912–913.