STATE OF MAINE *vs.* AUGUSTUS A. BLACK.

*What are sufficient allegations of rape under R. S., c.* 118, § 17. *Wife may testify.*

An indictment, for having carnal knowledge of a child, under R. S., c. 118, § 17, is sufficient if it sets forth the offence only in the language of the statute, without using the terms "with force," or "against the will."

The prisoner is not prejudiced if the jury is precluded by the court from finding a verdict for an assault and battery only, under such an indictment.

By R. S., c. 134, § 19, as amended by Public Laws of 1873, c. 137, § 5, a husband or wife may be compelled to testify either for or against the other in criminal cases.

ON EXCEPTIONS.

The prisoner was convicted of rape upon a child less than ten years old. Against his objection, his wife testified as a witness for the prosecution. To the ruling admitting her his counsel excepted, as well as to the refusal of the justice of the superior court, before whom the cause was tried, to instruct the jury that they were at liberty to find the respondent guilty of assault and battery. This instruction was declined, upon the ground that there were no apt words, charging a battery in the indictment; but the jury were told they might find the defendant guilty of an assault, if they thought the facts would warrant this result.

A motion in arrest of judgment set forth that the indictment charged no crime under our laws; that it did not allege that the defendant had any intent to commit a rape, or to ravish the person named in the indictment; nor that he committed an assault upon her with force or against her will; and that the allegation that the defendant unlawfully and carnally knew and abused the said child is not a sufficient allegation of the offence of rape attempted to be charged. This motion was overruled.

*James O'Donnell*, for the respondent.

*Charles F. Libby*, county attorney, for the State.

PETERS, J. It was contended for the prisoner that under this

indictment the jury were at liberty to find a verdict of guilty of an assault and battery. The court ruled otherwise. This, if material, would present an interesting question, upon which the authorities are conflicting. See Bishop on Statutory Crimes, § 491, and citations in notes thereto. But, whether the ruling was correct or not, we are satisfied that it was not prejudicial to the prisoner. It merely precluded the State from holding him for a minor, if it failed to establish against him the major, offence alleged.

It is claimed that the indictment is defective because it does not contain an allegation that the offence was committed "with force" and "against the will" of the child. But an equivalent of this requirement is found in the allegation that she was of tender years. She was legally incapable of consenting. An indictment in the common form for rape would have been sufficient. *Commonwealth* v. *Sugland*, 4 Gray, 7. But it was not necessary. The present indictment is in strict conformity with well-established precedents. It exactly sets forth all the elements necessary to constitute the offence.

It is strenuously urged that the wife of the prisoner was not a competent witness against him. A clause of R. S., c. 134, § 19, as amended by Public Laws of 1873, c. 137, § 5, reads thus: "In all criminal trials, the accused shall, at his own request, but not otherwise, be a competent witness. The husband or wife of the accused shall be a competent witness." It is argued that it could not have been the intention of the legislature to allow so wide a departure from the common law rules of evidence upon this subject, so long and universally acknowledged as productive of the public good, as to allow a wife to testify against her husband without an express and positive declaration to that effect, and that this provision only permits her to be called in his behalf. Reliance is also placed upon the fact that, in civil cases, by R. S., c. 82, § 82, as amended by the act of 1873, before cited, the husband or wife "may," and not must, be a witness; thereby presenting the incongruity of only permitting a wife to testify for or against her

husband in a civil, and compelling her to do so in a criminal case, if such is to be the construction of the statute. Notwithstanding there may be some force in the positions taken by the respondent's counsel, still, after a careful examination of the statutes referred to, we can have no doubt that it was the design of the legislature in a criminal case to compel the production of the husband's or wife's testimony in favor of or against each other. The statute law in this State upon the subject of evidence generally has had a remarkable and, as we are constrained to believe, a very salutary growth. Formerly in a criminal proceeding a wife could not ordinarily testify either for or against her husband, either with or without his consent. By the provision in R. S. c. 134, § 19, she was made a competent witness "with the consent of the respondent." By the act of 1873 she is made such without his consent. Not to testify merely in his behalf, but to testify generally. The bar is thus not partially removed, but wholly so. There is more reason that she should be compelled to testify against her husband in a criminal than in a civil cause. It might not accord with a good public policy to allow every litigant in civil suits about matters however small to have the right to search household secrets for the production of evidence. But the State should have all possible constitutional means to ferret out and punish crime. *Exceptions overruled.*

Appleton, C. J., Walton, Dickerson, Barrows and Virgin, JJ., concurred.