## STATE *vs.* DANIEL N. TOURJEE.

### PROVIDENCE—JUNE 17, 1904.

PRESENT: Tillinghast, Douglas, and Dubois, JJ.

(1) *Criminal Pleading. Statutory Offences. Indictments.*

Where the language of an indictment for a statutory offence fully and explicitly sets out all of the essential elements of said offence, the indictment is not bad for not charging that the offence was *feloniously* done.

If the offence were a common-law felony and the statute did not provide what should constitute the offence nor prescribe the form of indictment, the term "feloniously" would be essential in order to comply with the strict rules of criminal pleading.

INDICTMENT. Heard on motion in arrest of judgment, and overruled.

TILLINGHAST, J. The indictment in this case charges that the defendant, on the day named therein, did unlawfully and carnally know and abuse one Adaline F. Tourjee, she being then a girl under the age of sixteen years.

(1)  Upon trial, the defendant was found guilty, and the case is now before us on a motion in arrest of judgment based upon the ground that the indictment does not allege that the act charged was feloniously done.

We think the motion should be overruled. The offence charged is one created by statute, and the language used in the indictment is such as to fully and explicitly set out all of the essential elements of said offence; and no claim is or could be made that the defendant was not fully informed of the nature and cause of the accusation against him.

Under such circumstances the court is not bound by the purely technical rule relied on by the defendant. It is ordinarily sufficient in charging statutory offences to follow substantially the language of the statute, and that has clearly been done in this indictment.

Even conceding, as urged by defendant's counsel, that the offence charged contains all of the essential ingredients of the common-law crime of rape, yet as it is made a statutory offence, and a very different penalty is imposed for the commission thereof from that provided for the crime of rape (see Gen. Laws R. I. cap. 277, § 5), and especially as the statute defines said offence as aforesaid, there is no reason whatever for requiring the use of the technical term "feloniously" in charging the same.

If it were a common-law felony, and nothing less, and the statute did not provide what should constitute the offence, nor prescribe the form of indictment, the term "feloniously" would be essential in order to comply with the strict rules of criminal pleading. *State v. Murphy*, 17 R. I. p. 701. But, as such is not the fact the case is not governed by this hard and fast rule. See Bish. New Crim. Law, vol. 2, § 1133.

In *State v. Black*, 63 Me. 210, it was held that under the Rev. Stat. of Maine, Chap. 118, § 17, an indictment for having carnal knowledge of a child need only set forth the offence in the words of the statute. And the statute of that State is practically identical with ours.

The case referred to is a stronger one for the defendant than is the one now before us, as the Maine statute makes the offence in question equivalent to the crime of rape. Yet the court held that the indictment was sufficient if it followed the language of the statute. The form of indictment for cases of this

sort, as given in Arch. Crim. Prac. & Pl. vol. 1, pp. 1021-2, does not use the word "feloniously."

The defendant's motion in arrest of judgment is overruled, and the case remanded for sentence.

*William B. Greenough, Assistant Attorney-General,* for State.
*Samuel W. K. Allen,* for defendant.