**Edward HINES, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 12342.**

United States Court of Appeals, District of Columbia Circuit.

Argued Feb. 18, 1955.

Decided March 10, 1955.

Mr. George C. Dreos, Washington, D. C. (appointed by District Court), for appellant.

Mr. Lewis Carroll, Asst. U. S. Atty., with whom Messrs. Leo A. Rover, U. S. Atty., and Thomas A. Flannery, Asst. U. S. Atty., Washington, D. C., were on the brief, for appellee. Messrs. Carl W. Belcher, and Harold H. Greene, Asst. U. S. Attys., Washington, D. C., also entered appearances for appellee.

Before FAHY, WASHINGTON and BASTIAN, Circuit Judges.

1. Title 22, Sec. 2801, D.C.Code 1951: "Whoever has carnal knowledge of a female forcibly and against her will, or carnally knows and abuses a female child under sixteen years of age, shall be imprisoned for not more than thirty years: *Provided*, That in any case of rape the jury may add to their verdict, if it be

PER CURIAM.

Appellant was indicted, tried, convicted and sentenced to imprisonment for the crime of rape.[1]

He urges that there was insufficient evidence to justify the verdict. The record discloses that there was ample testimony, properly corroborated, to sustain the conviction.

Appellant also contends that it was error to admit into evidence a manifest kept by a witness, who was a taxi driver. The exhibit met the requirements of the Federal Business Records Act, Title 28 U.S.C. § 1732(a), Supp. 1952, it being made in the usual course of business and within a reasonable time after the event in issue. Further, no prejudice has been shown in so far as admission of this item is concerned.

Appellant also complains that the trial court erred in admitting into evidence certain articles of wearing apparel worn by the victim, which were not turned over to the police until the morning after the crime. The reasons for the articles not being turned over until the next morning were adequately explained.

Appellant also claims that the trial court erred in submitting the question of the death penalty to the jury, particularly because the government did not ask for that penalty. In our opinion, the trial court properly instructed the jury. The court advised the jury that the government did not ask that penalty, and that they could take that fact into consideration. Further, the death penalty was not returned, and the defendant has not been prejudiced.

Affirmed.

guilty, the words 'with the death penalty,' in which case the punishment shall be death by electrocution: *Provided further*, That if the jury fail to agree as to the punishment the verdict of guilty shall be received and the punishment shall be imprisonment as provided in this section."