Theodore M. **SPRINGFIELD**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 20424.

United States Court of Appeals
District of Columbia Circuit.

Argued Jan. 11, 1968.

Decided Oct. 2, 1968.

Mr. Thomas A. Clingan, Jr., Washington, D. C., (appointed by this court) for appellant.

Mr. Carl S. Rauh, Asst. U. S. Atty., with whom Messrs. David G. Bress, U. S. Atty., and Frank Q. Nebeker, Asst. U. S. Atty., were on the brief, for appellee.

Before BAZELON, Chief Judge, and WRIGHT and LEVENTHAL, Circuit Judges.

PER CURIAM:

Appellant was convicted of carnal knowledge of a girl under sixteen years of age. On brief, he argued that the instructions regarding the elements of the offense were defective, that the instructions on reasonable doubt were confusing and that there was insufficient evidence to corroborate the victim's testimony. We have considered these contentions and find them without merit.

On oral argument a new issue was raised. Appellant contended for the

3. See Barber v. United States, 129 U.S.App.D.C. 193, 392 F.2d 517, decided March 8, 1968.

first time that his case had been improperly treated as a capital one [1] and that he had been prejudiced thereby. Appellant's claim that his offense was not a capital one was based on the statutory language [2] or, alternatively, on the proposition that capital punishment for statutory rape would constitute cruel and unusual punishment. [3] Since oral argument yet another complication has been added. In United States v. Jackson, [4] the Supreme Court held unconstitutional the penalty provisions of a statute which permitted only the jury to inflict capital punishment on the ground that these provisions inhibited defendants from exercising their Fifth Amendment right not to plead guilty and their Sixth Amendment right to a jury trial. The penalty provisions of the D.C. rape statute suffer from the same constitutional infirmity. [5]

█ We conclude, however, that appellant was not prejudiced by the fact that his case was treated as a capital one. Appellant's allegations of prejudice are two. First he argues that he was prejudiced because people opposed to capital punishment were systematically excluded from the jury which found him guilty. But this contention was rejected in Witherspoon v. State of Illinois, [6] and Bumper v. State of North Carolina, [7] where the Supreme Court held that a jury from which people who opposed the death penalty were excluded could not impose the death sentence, but could determine guilt or innocence.

█ Appellant's second claim is that because the jury improperly had the option to impose the death penalty it may have compromised the verdict on guilt or innocence. In other words, some jurors who initially believed appellant was innocent may have agreed to find him guilty in return for other jurors' giving up their demand for the death penalty.

On the facts of this case we find it overwhelmingly improbable that appellant was the victim of such a compromise. The prosecution never requested the death penalty, or even adverted to it. The trial judge gave it only a one-sentence mention in his charge to the jury. And the details of the crime were not such as to make it likely that the jurors seriously considered imposing the death penalty. Moreover, the evidence did not support a conviction for any lesser included offense, against which the jury

1. The case was treated as a capital one in that persons who opposed capital punishment were excluded from the jury and the jury was instructed that it could bring in the death penalty. Appellant was not given the death penalty, however.

2. Appellant was convicted under D.C.Code § 22–2801, which provides:
    Whoever has carnal knowledge of a female forcibly and against her will, or carnally knows and abuses a female child under sixteen years of age, shall be imprisoned for not more than thirty years: *Provided*, That in any case of rape the jury may add to their verdict, if it be guilty, the words 'with the death penalty,' in which case the punishment shall be death by electrocution: *Provided further*, That if the jury fail to agree as to the punishment the verdict of guilty shall be received and the punishment shall be imprisonment as provided in this section.
    Appellant contends that the proviso "in any case of rape" must refer to common

law (forcible) rape if it is not redundant. But the fact that the entire chapter is entitled "rape" cuts against this interpretation.
    In Sanselo v. United States, 44 App.D. C. 508 (1915), this court held that statutory rape was punishable by death.

3. *See* Rudolph v. Alabama, 375 U.S. 889, 84 S.Ct. 155, 11 L.Ed.2d 119 (1963) (dissenting opinion of Goldberg, J.). Statutory rapes occur very frequently and are rarely prosecuted.

4. 390 U.S. 570, 88 S.Ct. 1209, 20 L.Ed.2d 138 (1968).

5. Bailey v. United States, 128 U.S.App. D.C. 354, 389 F.2d 305 (decided Sept. 13, 1968).

6. 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968).

7. 391 U.S. 543, 88 S.Ct. 1788, 20 L.Ed.2d 797 (1968).

might have been influenced by the judge's passing mention of the death penalty.[8] A statutory rape had been consummated, and the only real issue in the case was whether appellant was the perpetrator. On that question the evidence was compelling.

Since we find no prejudice, the decision below is affirmed.

---

8. *Cf.* Bailey v. United States, *supra* note 5 (dissenting opinion of Fahy, J.).