**Phillip Eric Alonzo DUCKETT, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 21614.**

United States Court of Appeals
District of Columbia Circuit.

Argued Jan. 23, 1969.

Decided March 12, 1969.

Petition for Rehearing Denied
May 28, 1969.

Mr. James R. Scullen, Washington, D. C., (appointed by this court) for appellant.

Mr. Donald B. Nicholson, Special Asst. U. S. Atty., with whom Messrs. David G. Bress, U. S. Atty., and Frank Q. Nebeker, Asst. U. S. Atty., were on the brief, submitted on the brief, for appellee.

Before FAHY, Senior Circuit Judge, BURGER and TAMM, Circuit Judges.

TAMM, Circuit Judge:

On the 21st day of August, 1966, a young lady was carnally known and abused by an intruder in the apartment where she was staying. On the 23rd day of October, 1967, one Phillip Duckett answered to a jury for those crimes. On the 15th day of December, 1967, Duckett was adjudged guilty and committed to a term of imprisonment by the district court. On the 8th day of January, 1968, an appeal was noted. Today we decide this case.

The facts pertinent to the disposition of the appeal are that on the evening in question the complainant was staying at her sister's apartment while on a week-end visit. She had retired at around 10:00 P.M. and thereafter was awakened by the movement of a figure of a man on top of her. This man told her to be quiet or he would kill her. Thereafter, while brandishing a knife, he had intercourse with the complainant. They then left the bedroom and went into the living area. Shortly thereafter, Clarice Jackson, the older sister of the complainant came in, a conversation ensued and the appellant left. After his departure Clarice Jackson inquired of her sister concerning certain bruises on the young girl's neck. From that inquiry the details of her unfortunate experience unfolded. Upon the complainant's sworn petition, Duckett was arrested and charged with the crimes of housebreaking and carnal knowledge.[1]

At trial there was expert testimony with regard to medical evidence concerning recent sexual penetration. The complainant's sister then testified to the occurrence based upon what she saw and what she was told by her sister. The complainant then testified concerning the facts; her testimony that she was fifteen years old at the time of the event and recital of her birthdate was not challenged. She, as well as Clarice, identified the appellant in open court. Thereupon, the government rested. The appellant took the stand, admitted that he had sexual intercourse with the complainant, but could not, however, remember the details.

The defense was based on insanity. Two doctors testified on that issue. One was of the opinion that the appellant was suffering from a mental disease (sociopathic personality); the other found no evidence of any mental disorder. When all the evidence was in, the appropriate motions were made and denied, the jury instructed on the law, and the case submitted for their determination. That determination was adverse, in all respects, to the appellant and thus this appeal.

Upon a complete review of the full record of this case we find that all the essential elements of the crime of carnal knowledge were proven beyond a reasonable doubt. Upon the testimony of the complainant it was shown that she was under the age of sixteen years; upon the testimony of the complainant and the admission of the appellant it was shown that he had carnally known and abused her. This testimony was sufficiently corroborated by medical evidence and the testimony of Clarice Jackson. Therefore, under the doctrine of Kidwell v. United States, 38 App.D.C. 566 (1912), Ewing v. United States, 77 U.S.App.D.C. 14, 135 F.2d 633 (1942), cert. denied 318 U.S. 776, 63 S.Ct. 829, 87 L.Ed. 1145 (1943); Hines v. United States, 95 U.S.App.D.C. 118, 220 F.2d 381 (1955), we choose not to disturb the verdict on this count.

As to the housebreaking count we find that although it is not completely clear that the evidence of intent to commit a crime was sufficient in law to make out a prima facie case of housebreaking, this possible error was avoided by the imposition of concurrent sentences and thus no resulting prejudice. See Hirabayashi v. United States, 320 U.S. 81, 63 S.Ct. 1375, 87 L.Ed. 1774 (1943) and Moore v. United States, 117 U.S.App. D.C. 376, 330 F.2d 842 (1964).

We have considered the other points raised on appeal and find them lacking in merit. Accordingly, we affirm.

Affirmed.

FAHY, Senior Circuit Judge (dissenting):

The court instructed the jury that in any case of carnal knowledge the law provides,

* * * the jury may in their verdict as to [sic] the words "with the death penalty." If the jury without adding those words to their verdict should return a verdict of guilty, then the statute provides for a punishment by imprisonment to be imposed upon the defendant by the Court. Therefore, the

1. 22 D.C.Code § 1801 (1967); 22 D.C.Code § 2801 (1967).

possible verdicts as to Count 1 in this case are 1, guilty; 2, not guilty by virtue of insanity; 3, guilty as charged; or 4, guilty with the death penalty.

As we held in Bailey v. United States and Humphries v. United States, 132 U.S. App.D.C. 82, 405 F.2d 1352, following United States v. Jackson, 390 U.S. 570, 88 S.Ct. 1209, 20 L.Ed.2d 138, the death sentence provision of our carnal knowledge statute is unconstitutional. Accordingly we know now, though we did not before *Jackson,* that the instruction based upon that provision should not be given. For reasons like those I set forth in my dissent from the affirmance of the convictions in *Bailey* and *Humphries,* I think the giving of the instruction in the present case was also error which requires a new trial.

As pointed out in United States ex rel. Hetenyi v. Wilkins, 348 F.2d 844 (2d Cir.), cert. denied, Mancusi v. Hetenyi, 383 U.S. 913, 86 S.Ct. 896, 15 L.Ed.2d 667, supported in its reasoning by Mr. Justice Fortas' opinion in Cichos v. Indiana, 385 U.S. 76, 87 S.Ct. 271, 17 L.Ed. 2d 175, in which he was joined by the Chief Justice and Mr. Justice Douglas, such an instruction placed before the jury an impermissible range of choice which leaves in its wake uncertainty whether a verdict of not guilty, or not guilty by reason of insanity, might have been rendered rather than the guilty verdict. The availability to the jurors of the more severe verdict might have led them to resolve doubts by turning to one which was less severe but which would not entirely acquit the accused of guilt. The verdict of guilt was not compelled, as this court deemed to be the situation, notwithstanding the erroneous death sentence instruction, in Springfield v. United States, 131 U.S.App.D.C. 166, 403 F.2d 572, 573.

The reason I take this position is that the defense of insanity was supported by substantial testimony which raised an issue which the court submitted to the jury for its resolution. Even though we assume the jury considered the case against the defendant as to what actually occurred to be strong, the jury might have been uncertain as to his sanity at the time. In that event the death sentence instruction could have led the jury to resort to the less serious verdict of guilty without the death sentence rather than not guilty by reason of insanity. Accordingly I would grant a new trial free of the death sentence instruction which we now know should not be given.