445 P.2d 431

**STATE of Arizona, Appellant,**

v.

**Barney INTOGNA, Appellee.**

No. 1768.

Supreme Court of Arizona.

In Banc.

Sept. 25, 1968.

Gary K. Nelson, Atty. Gen., Darrell F. Smith, Former Atty. Gen., Phoenix, William J. Schafer, III, Pima County Atty., by, William J. Augustine, Deputy County Atty., Tucson, for appellant.

Boyle, Bilby, Thompson & Shoenhair, by, William A. Scanland, Cattany & Howe, by, Joseph D. Howe, Tucson, for appellee.

LOCKWOOD, Justice.

The State of Arizona appeals from an order of the Superior Court of Pima County quashing an original information filed against the defendant, Barney Intogna. The pertinent facts are as follows.

Defendant was informed against on an open charge of murder in 1964. He was tried and convicted of murder in the second degree and was sentenced to serve a term of not less than ten, nor more than eleven years in prison. The verdict of the jury specifically recited that defendant had been found "not guilty" of first degree murder, involuntary manslaughter, and voluntary manslaughter. The defendant appealed to this Court from his conviction and sentence, and upon review of the questions raised, his conviction and sentence were reversed and

the case was remanded for a new trial. State v. Intogna, 101 Ariz. 275, 419 P.2d 59 (1966). The State refiled the information upon the open charge of murder. Defendant moved to quash the information as to first degree murder, voluntary manslaughter and involuntary manslaughter on the ground that he had been once put in jeopardy on such charges, and had been found not guilty by the jury in the trial on the original information. He alleged that he could only be retried on a charge of murder in the second degree. After a hearing on the motion to quash, the superior court in its memorandum opinion ordered that the information be quashed with leave to refile on the single charge of second degree murder. From this order, the State appeals and contends that Article II, § 10 of the Arizona Constitution, A.R.S., A.R.S. § 13-145 (1956), and Rule 314 of the Rules of Criminal Procedure, 17 A.R.S., do not bar the State from charging the defendant, after a reversal of his conviction and remand, for first degree murder and all lesser included offenses. Defendant asserts that the specific recitals in the jury's verdict prevent any reprosecution except upon the charge of murder in the second degree. This Court is in full accord with the position advanced by the defendant.

The State argues that our holding in State v. Thomas, 88 Ariz. 269, 356 P.2d 20 (1960) as well as Rule 314 of the Rules of Criminal Procedure supports the position that a retrial after a reversal of a conviction is in all respects a "new trial", and as such can proceed as if no trial had preceded it. It is quite true that in State v. Thomas, supra, we so held. Moreover, Rule 314 specifically states that

> "When a new trial is granted, the new trial shall proceed in all respects as if no former trial had been had. On the new trial the defendant may be convicted of any offense charged in the indictment or information regardless of the verdict or finding on the former trial. The former verdict or finding shall not be used or referred to in evidence or argument on the new trial."

Nevertheless, A.R.S. § 13-145 (1956) provides:

> "When the defendant is convicted or *acquitted, or has been placed in jeopardy* upon an indictment or information, the conviction, acquittal or jeopardy is a bar to another indictment or information for the offense charged in either, or for an attempt to commit the offense, or for any offense necessarily included therein, of which he might have been convicted under the indictment or information." (Emphasis added).

Section 13-145 codifies Article II, § 10 of our State Constitution which forbids placing a defendant twice in jeopardy for the same offense. The distinguishing, and crucial feature of this case, from the previous several cases decided in this Court respecting the issue of double jeopardy is the specific language of the jury's verdict here. On numerous occasions defendants whose convictions have been set aside upon appellate review have advanced the contention that conviction of one crime in a multi-count, or lesser included, indictment or information is an "implied acquittal" of all other charges which could have been grounds for conviction. We are not prepared to hold that the prohibition of double jeopardy would sustain the implied acquittal position. But, where the jury's verdict *specifically* states "not guilty" as to certain of crimes which could be the basis for a conviction upon the indictment or information, the State is thereafter precluded from prosecuting the defendant upon an information or indictment alleging the commission of such crimes where the defendant has obtained a new trial after appeal from the original verdict. See, State v. Vigiliano, 50 N.J. 51, 232 A.2d 129 (1967); Commonwealth v. Cox, 209 Pa.Super. 457, 228 A.2d 30 (1967); Smith v. State, 198 So.2d 220 (Miss.1967).

We will not inquire into the wisdom of the jury's verdict particularly since the State entered no objection to the forms of the verdict. It appears that the jury, within its province, found the State's proof

sufficient only for a verdict of murder in the second degree. However, we see no reason for, and disapprove of, submitting so many forms of verdict to the jury on a charge of an offense which is inclusive of several other offenses. The proper procedure is to submit a separate verdict of "guilty" as to each included offense, and only one verdict of "not guilty" since the latter applies to all included offenses.

We hold that the Superior Court was correct when it entered the order at issue here, and the case is remanded to the Superior Court of Pima County for further proceedings upon an information charging murder in the second degree.

McFARLAND, C. J., UDALL, V. C. J. and STRUCKMEYER, and BERNSTEIN, JJ., concur.