449 P.2d 594

STATE of Arizona ex rel. Robt. K. CORBIN,
Maricopa County Attorney, Petitioner,

v.

SUPERIOR COURT of the State of Arizona,
IN AND FOR the COUNTY OF MARI-
COPA; the Honorable Wm. A. Holohan, a
Judge thereof; and Edward Lee MI-
CHAEL, Jr., real party in interest, Re-
spondents.

No. 9423.

Supreme Court of Arizona.

In Banc.

Jan. 9, 1969.

Robert K. Corbin, County Atty., by Wil-
liam Carter, Deputy County Atty., for pe-
titioner.

Walter F. Kessler, Phoenix, for respond-
ent Edward Lee Michael, Jr.

UDALL, Chief Justice.

Edward F. Michael, Jr. was in-
formed against for the crime of murder
(degree not specified) and was convicted of
murder in the second degree. The convic-
tion was reversed and the case remanded
for a new trial. State v. Michael, 103 Ariz.
46, 436 P.2d 595. Upon the remand,
Michael filed a motion to quash the infor-
mation "insofar as said information pur-
ports to charge the defendant with any
greater degree than second degree murder."
The ground of the motion was that the
conviction of second degree murder was an
implied acquittal of first degree murder,
and that therefore an attempt to try de-
fendant for first degree murder would
amount to double jeopardy. The trial
court granted the motion and ordered that
the defendant be tried for no greater degree
of murder than that of second degree.

The state applied to us for a writ of
certiorari and we granted the writ on Oc-
tober 15, 1968. Our reasons for doing so
are as follows:

In State v. Thomas, 88 Ariz. 269, 356 P.
2d 20 (1960), we decided this question in
favor of the State. Our analysis of the
legal principles involved was fully set out
in our opinion in that case. All of the
counter-arguments were forcibly stated in
an able dissent, in which all of the relevant
authorities were cited. On February 7,
1968 we reaffirmed our position in two
cases: State v. White, 103 Ariz. 85, 436
P.2d 904, and State v. McClendon, 103 Ariz.

105, 437 P.2d 421. In each case the same justice reaffirmed his dissent. In State v. Intogna, 103 Ariz. 455, 445 P.2d 431, we adhered to our view on the legal point involved, although we refused to extend the rule to a case in which there was an *express* acquittal of the higher offense.

We have re-examined our position and still consider it to be sound. We see no useful purpose in repeating the line of reasoning which led us to these conclusions, since this information may be gained from a perusal of the Thomas, White, and McClendon cases, *supra*.

Michael, in resisting the application for the writ, also contends that the information is insufficient to charge him with first degree murder, because it does not allege wilfulness, premeditation, or deliberation. This contention is completely without merit. State v. Intogna, 101 Ariz. 275, 419 P.2d 59.

Michael also argues that the State has no right to proceed by way of a petition for a writ of certiorari and should have appealed. We believe that this case is peculiarly adapted to a proceeding in certiorari. As the Supreme Court of California said in Gomez v. Superior Court, 50 Cal.2d 640, 328 P.2d 976:

"That the right to raise this question on appeal is plain cannot be doubted. That it is either speedy or adequate is open to serious question. * * * In view of the considerable discretion vested in us in issuing these writs, we are constrained to hold that, while the remedy at law is plain, it is neither speedy nor adequate under the facts before us and especially in view of the fact that in its final analysis the question before us is one of the jurisdiction of respondents to again place petitioners on trial for the offenses charged in the indictment found against them."

The stay order issued by this court on October 15, 1968 is hereby vacated and the case is remanded to the superior court. The order of the superior court entered by Judge Holohan on September 23, 1968, quashing the information in part and ordering the defendant to be tried for no greater charge than second degree murder, is vacated.

LOCKWOOD, V. C. J., and STRUCKMEYER, McFARLAND and HAYS, JJ., concur.