491 P.2d 469

**YAVAPAI COUNTY ATTORNEY,
Petitioner,**

v.

**The Honorable T. J. MAHONEY, Judge of
the Superior Court and Donald Edward Conlin, Respondents.**

**No. 10558.**

Supreme Court of Arizona,
In Banc.

Dec. 7, 1971.

Rehearing Denied Feb. 1, 1972.

**616**

Thelton D. Beck, Yavapai County Atty., Prescott, for petitioner.

Michael E. Benchoff, Phoenix, for respondent Donald Edward Conlin.

UDALL, Justice:

This matter is before us on a Petition for Special Action filed by the County Attorney of Yavapai County, Arizona, naming as respondents the Honorable T. J. Mahoney, Judge of the Superior Court, and Donald Edward Conlin, defendant in the action below.

This action arises out of a habeas corpus proceeding brought in the Superior Court in and for Yavapai County, which in turn arose out of the murder prosecution of the defendant-respondent, Donald Edward Conlin, criminal action number 6558 entitled State of Arizona v. Donald Edward Conlin. The petitioner asks this Court to prohibit the respondent, the Honorable T. J. Mahoney, Judge of the Superior Court, from proceeding without or in excess of his jurisdiction by terminating or otherwise interfering with the pending murder prosecution.

The facts and procedure essential to the determination of the matter may be stated as follows: In March of 1971, the body of Andrew C. Blevins was found in a mine shaft on the Conlin ranch located in Yavapai County. A murder complaint was filed against Donald Edward Conlin in the Justice Precinct of Yavapai County. At the preliminary hearing, the State's chief witness testified that Conlin had, shortly after the killing, admitted shooting the deceased because the latter was allegedly trying to kill him. It was further stated without contradiction that the deceased was a hard and tough man and that he had beaten Conlin on several occasions in the past. Conlin argued that he had not reported the homicide, but instead threw the victim's body into an abandoned mine shaft on his ranch, since he "was very much afraid to tell the police about it because he was on probation in that same precinct for a misdemeanor offense"—Public Drunkenness, for which he received a suspended sentence.

An Information charging Conlin with the murder of Andrew Blevins was thereupon filed in the Superior Court of Yavapai County. The evidence was sufficient from which the Justice of the Peace could conclude that the deceased had been killed by a shot fired into his head by Conlin and that the victim's body was then thrown into a mine shaft on Conlin's ranch. On the basis of Conlin's admission of guilt to the State's chief witness, the committing justice of the peace thought it best to order that Conlin be held to answer on the open murder charge, leaving it up to the ultimate trier of fact to determine the degree of the offense and the merits of Conlin's argument alleging self-defense. He might very well have taken the view that Conlin's minor conviction for public intoxication, with the attendant suspended sentence, would not alone have prompted the defendant (who now claims he killed the deceased in self-defense) to intentionally attempt to conceal the homicide, such ill-explained behavior on the defendant's part not being compatible with his theory of self-defense.

On June 14th, Conlin filed a petition for a writ of habeas corpus and on June 15th, a hearing on the writ was conducted before the respondent, the Honorable T. J. Mahoney. At the hearing no witnesses were sworn and the proceedings were based exclusively on the transcript from the preliminary hearing. There, Conlin argued that self-defense was established by the State's evidence and that since no evidence of premeditation had been presented he, therefore, could not be held to answer on an open charge of murder. The trial court then ordered the county attorney to either produce evidence of premeditation at a supplementary preliminary hearing or to amend the murder information by reducing the charge to murder in the second degree. This Special Action followed.

Petitioner contends that the various grades of murder were established by the legislature solely for the purpose of determining punishment and, as such, have no application to the charging and preliminary hearing phases of a murder prosecution. He further argues that the respondent court was acting without or in excess of its jurisdiction in attempting to enforce the order of June 15th.

It is the position of the defendant-respondent, Conlin, that since no evidence of premeditation was presented at the preliminary hearing he could not be held to answer on an open murder charge making it possible to prosecute him for first degree murder. With this contention, we disagree.

The information in the criminal action below charged Conlin with having committed the crime of "murder", no degree being specified, in that:

> "On or about March 11, 1971, and prior to the filing of this information Donald Edward Conlin did then and there, wilfully, wrongfully, unlawfully and feloniously, on or about said date, on the Coyote Springs Ranch property, east of Prescott, murder a human being, one Andrew Carlos Blevins."

■ Murder, as defined by statute, is the unlawful killing of a human being with malice aforethought. A.R.S. § 13–451, subsec. A. This Court has consistently held that an information which charges murder without specifying the degree is sufficient. State v. Intogna, 103 Ariz. 455, 445 P.2d 431 (1968); State ex rel. Corbin v. Superior Court, 104 Ariz. 129, 449 P.2d 594 (1969); State v. Woolery, 93 Ariz. 76, 378 P.2d 751 (1963). Rule 142, Rules of Criminal Procedure, 17 A.R.S., specifically provides that "[i]n an indictment or information for an offense which is divided into degrees it is sufficient to charge that the defendant committed the offense without specifying the degree". The legislature's classification of murder into degrees was not intended to create separate offenses since "the degrees do not constitute distinct crimes but are grades of the same offense". 40 C.J.S. Homicide § 29 at p. 879; 40 Am.Jur.2d, Homicide, § 215 p. 492; People v. Mendez, 27 Cal.2d 20, 161 P.2d 929 (1945).

■ The information properly and sufficiently charged Conlin with the murder of Andrew C. Blevins and the lower court's order directing that the information be amended or, in the alternative, that a supplemental preliminary hearing be held was unprecedented and unwarranted. The duty of a justice of the peace in conducting a preliminary hearing is not to determine the ultimate guilt or innocence of an accused or determine the degree of the crime charged, but only to determine whether there is probable cause to believe defendant guilty of the offense charged. Application of Williams, 85 Ariz. 109, 333 P.2d 280 (1958); Dodd v. Boies, 88 Ariz. 401, 357 P.2d 144 (1960). Thus, should a supplemental preliminary hearing be held, the justice of the peace, having already found probable cause to believe Conlin guilty of the offense charged, could do nothing more.

It is clear from the evidence presented to the justice of the peace that there was probable cause to believe Conlin was guilty of the murder of Andrew Blevins. He was under no duty to fix the degree of the crime charged and the Honorable T. J. Mahoney, therefore, exceeded his jurisdiction in ordering the county attorney to either produce evidence of premeditation at a supplemental preliminary hearing or amend the murder information by reducing the charge to murder in the second degree.

It is ordered that the respondent, the Honorable T. J. Mahoney, Judge of the Superior Court, be prohibited from interfering with the murder prosecution of Donald Edward Conlin in the Superior Court of Yavapai County, Arizona.

Prayer for Relief Granted.

STRUCKMEYER, C. J., HAYS, V. C. J., and LOCKWOOD and CAMERON, JJ., concur.