976 F.2d 737
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Charles E. MASON, Petitioner-Appellant,
v.
Eddie YLST, Respondent-Appellee.
 No. 91-16320.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 20, 1992.*
Decided Sept. 16, 1992.
 
 1
 Before KOZINSKI and DAVID R. THOMPSON, Circuit Judges, and VON DER HEYDT,** Senior District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 * Charles E. Mason, a California state prisoner, appeals pro se, seeking review of the district court's denial of his petition for habeas corpus relief challenging his conviction for second degree murder. Mason argues on appeal that the district court erred in determining that he was not denied effective assistance of counsel and that the district court applied the incorrect standard when reviewing his argument regarding his absence during closing argument.
 
 II
 
 4
 Mason argues that he received ineffective assistance of counsel because his trial counsel failed to investigate the possibility that the doctors in the hospital caused the victim's death by a completely unnecessary surgical procedure, and as a result of the operation, nicked the intestine, with the nick subsequently leading to the victim's death. The government maintains that there is no evidence that a reasonably competent counsel would have investigated the defense that the surgery transformed a benign situation into a life-threatening one.
 
 
 5
 A review of a claim for ineffective assistance of counsel must include a determination whether the appellant has identified material, specific errors and omissions that fall outside the "wide range of professional competent assistance." United States v. Molina, 934 F.2d 1440, 1447 (9th Cir.1991), citing Strickland v. Washington, 466 U.S. 668, 690, 104 S.Ct. 2052, 2066 (1984). In addition to a determination whether counsel's performance was deficient, it must be determined whether the appellant was prejudiced. To establish prejudice, the appellant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. 466 U.S. at 694, 104 S.Ct. at 2068. Failure of the appellant to satisfy either the performance prong or the prejudice prong of the Strickland test fails to make out a claim for ineffective assistance of counsel. Id. 466 U.S. at 697, 104 S.Ct. at 2069.
 
 
 6
 There is nothing in the record to suggest that the doctors transformed a non-fatal injury into a fatal one by means of unnecessary surgery. No evidence is provided, other than Mason's assertion, that the doctors nicked the victim's intestine, and it was that which caused the victim's death. The record reflects that it was not the surgery that caused the victim's death. Instead, it was a sequence of events beginning with treatment of the victim's gunshot wounds. The victim's other complications resulted from that act.
 
 
 7
 Mason has not provided evidence to support his argument that reasonably competent counsel would have investigated the defense that the surgery transformed a non-life threatening situation into a life-threatening one. Thus there is no basis that counsel ineffectively performed.
 
 
 8
 Nor does Mason establish prejudice. Mere negligence of a physician or surgeon in treating wounds is no defense to the person who inflicted the wound since negligence is foreseeable. People v. McGee, 31 Cal.2d 229, 187 P.2d 706 (1947). Therefore, there is no reasonable probability of an outcome favorable to Mason had counsel done the investigation he contends his counsel should have done. The district court was correct in determining that Mason was not denied effective assistance of counsel.
 
 III
 
 9
 Mason claims the district court failed to utilize the proper standard when reviewing his argument regarding his absence during closing argument. Citing California case law, Mason asserts the district court should have used California's definition of due process rather than relying on a definition from federal case law. The government responds that Mason is entitled to federal habeas corpus relief only if there is a violation of federal law or of Mason's constitutional rights. In addition, the government submits that nothing in the record supports Mason's allegation that he missed part of the closing argument, and therefore his claim must fail on that basis alone. Even if Mason had been absent from closing argument, the government concludes that Mason has not shown that the asserted error caused any prejudice.
 
 
 10
 Mason filed his habeas action based on violations of his rights under the United States Constitution. Mason is entitled to habeas corpus relief only if there is a violation of his federal constitutional rights. Engle v. Isaac, 456 U.S. 107, 102 S.Ct. 1558 (1982). The proper standard to decide such an issue would be based on federal law, not state law. The standard the district court used to decided Mason's alleged Fourteenth Amendment due process violations was based on case law from the United States Supreme Court and the Ninth Circuit Court of Appeals. See Hill v. United States, 368 U.S. 424, 82 S.Ct. 468 (1962); Hines v. Enomoto, 658 F.2d 667 (9th Cir.1981), cert. denied, 463 U.S. 1211, 103 S.Ct. 3545 (1983), citing Quigg v. Crist, 616 F.2d 1107 (9th Cir.1980), cert. denied, 449 U.S. 922, 101 S.Ct. 323 (1980); Crisafi v. Oliver, 396 F.2d 293 (9th Cir.1968), cert. denied, 393 U.S. 889, 89 S.Ct. 208 (1968). The district court did not fail to utilize the correct standard in determining Mason's due process arguments. Because Mason narrowed his appeal issue to whether the district court applied the proper standard, the other issues raised by the government's argument in its responding brief need not be reached.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 The Honorable James A. von der Heydt, Senior United States District Judge for the District of Alaska, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3